1   R. Blake Hamilton (Utah Bar No. 11395)
    Admitted *Pro Hac Vice*
2   STIRBA & ASSOCIATES
    215 South State Street, Suite 750
3   P.O. Box 810
    Salt Lake City, Utah 84110-0810
4   Telephone:  (801) 364-8300
    Facsimile:   (801)-364-8355
5

6    *Attorneys for Hildale-Colorado City, Twin City Water*
     *Authority, Twin City Power, and City of Hildale*

7
                **UNITED STATES DISTRICT COURT**
8
                      **DISTRICT OF ARIZONA**
9
10  | RONALD COOKE and JINJER COOKE, husband and wife, | No.  3:10-cv-08105-JAT |
    |---|---|

11                                        Plaintiffs,   **MOTION FOR ORDER TO SHOW**
                                                        **CAUSE**
12  THE STATE OF ARIZONA ex rel. TERRY
    GODDARD, the Attorney General; and THE
13  CIVIL RIGHTS DIVISION OF THE ARIZONA
    DEPARTMENT OF LAW,
14
                                 Plaintiff-Intervenor,
15
              v.
16
    TOWN  OF  COLORADO  CITY,  ARIZONA, *et*
17  *al*.,
                                        Defendants.
18

19

20          Defendants Twin City Water Authority, Twin City Power and City of Hildale (collectively

21  "the Hildale Defendants") move this Court for an Order to Show Cause directing Monica

22  Kapcsos to appear and show cause why she did not appear for her deposition and produce

23  documents in response to a properly served and executed subpoena.  This Motion is brought

24  pursuant to Federal Civil Procedure Rule 45(e) and is supported by the attached exhibits and the

25  following Memorandum Of Points And Authorities.

26

27          **MEMORANDUM OF POINTS AND AUTHORITIES**

28          The question presented is whether this Court should issue an Order to Show Cause

directing Monica Kapcsos to appear and show cause why she did not appear for her deposition and produce documents in response to a properly served and executed subpoena. The answer to this question is "yes." To get to this answer, some background information is necessary.

## FACTUAL BACKGROUND

This case involves a complex fair housing, religious and disability discrimination claim from Plaintiffs Ronald and Jinjer Cooke and the Plaintiff-Intervenor State of Arizona against the Town of Colorado City, Arizona and the Hildale Defendants. The Plaintiffs and the Plaintiff-Intervenor allege that Colorado City and the Hildale Defendants discriminated against the Plaintiffs by not providing them with a culinary water connection to their residence due to their religion and Ronald Cooke's disability. All Defendants deny this allegation.

As a result of the alleged discrimination, the Plaintiffs allege they have been damaged. Specifically, the Plaintiffs allege that "[a] major item of the damages of the Plaintiffs is their emotional distress and pain and suffering caused by the inability of their family to live in a reasonable manner[.]" *See* Plaintiffs' Initial Disclosures attached as Exhibit 1 hereto. In support of this damage claim, the Plaintiffs disclosed Peggy Sue Taylor, Ph.D. *See* Plaintiffs/Plaintiff-Intervenor's Joint Expert Disclosure (Federal Rules of Evidence 702-705) and Expert Report. Plaintiffs' disclosure of Dr. Taylor specifically states that "[S]he will testify concerning recent suicidal thoughts by Jinjer Cooke and her son George, because of the problems they have faced with life in Colorado City because of the inability of the family to receive equal treatment from the Cities." Although George Morales is not a party in this case, after discussing the matter with Plaintiffs' legal counsel, it is the Defendants' understanding that Plaintiffs' claim that part of Ms. Cooke's alleged emotional damages stem from the fact that her son, George, has allegedly become suicidal as a result of the Defendants' actions.

On March 7, 2012, Jinjer and George were deposed. During their depositions, Defendants

learned for the first time that Dr. Taylor never saw George, but instead he saw Monica Kapcsos, a school counselor.  *See* Jinner Cooke Depo., Exhibit 2, at pgs 19-21 and 24-26.  *See also* George Morales Depo., Exhibit 3, at pgs 11 and 17.  After learning this fact, Defendants informed Plaintiffs and Plaintiff-Intervenor of their intention to depose Ms. Kapcsos and the parties agreed to hold her deposition on May 9, 2012.  *See* April 5, 2012 email attached as Exhibit 4 hereto.

On April 23, 2012, Ms. Kapcsos was served with a subpoena requiring her to produce certain documents and appear at a deposition on May 9, 2012.  *See* Proof of Service, Notice of Deposition and Subpoena attached as Exhibit 5 hereto.  On May 1, 2012, Ms. Kapcsos called legal counsel for the Hildale Defendants, R. Blake Hamilton.  Mr. Hamilton was on a phone conference and Ms. Kapcsos would not leave a return number.  Later that day, Ms. Kapcsos again called Mr. Hamilton.  Mr. Hamilton was on another call.  Mr. Hamilton received an email from his receptionist that Ms. Kapcsos had called again and left a number.  *See* May 1, 2012 email attached as Exhibit 6 hereto.  Ms. Kapcsos informed Mr. Hamilton's receptionist that he would probably not be able to get hold of her at that number, but t she would not provide any other telephone number.  Within a few minutes of receiving this email, Mr. Hamilton called Ms. Kapcsos at the number and left a message for her.  As of this time Mr. Hamilton has never heard from Ms. Kapcsos again.

On May 9, 2012, Mr. Hamilton and all other parties' legal counsel were at the appointed place at the appointed time for Ms. Kapcsos' deposition.  *See* Monica Kapcsos Deposition Transcript attached as Exhibit 7 hereto.  The parties waited for over an hour and Ms. Kapcsos never appeared.  A record was created establishing Ms. Kapcsos' non-appearance.  Mr. Hamilton put it on the record that he had received no indication from Ms. Kapcsos or any attorney that she would not comply with the subpoena.  The Plaintiffs' legal counsel, William G. Walker, put on the record that he had received an indication that Ms. Kapcsos was not going to appear from the

1    assistant principal of the school that employs Ms. Kapcsos as a counselor; that the assistant

2    principal had informed Mr. Walker that Ms. Kapcsos had been served with the subpoena; that she

3    had spoken to the school lawyer; and. upon advice of counsel was not going to appear.  Mr.

4    Walker had not previously informed Mr. Hamilton of this conversation nor has Mr. Hamilton

5    ever received any communication from any lawyer informing him as to why Ms. Kapcsos would

6    not comply with the subpoena.

7

8                                                    **LEGAL ARGUMENT**

9         Federal Civil Procedure Rule 45(e) states that "[t]he issuing court may hold in contempt a

10   person who, having been served, fails without adequate excuse to obey the subpoena."  Ms.

11   Kapcsos was properly served with a subpoena issued by this Court.  *See* Exhibit 5.  Ms. Kapcsos

12   failed to comply with the subpoena by failing to appear at her deposition and failing to produce

13   any documents in response to the subpoena.  *See* Exhibit 7.  Ms. Kapcsos has not provided any

14   excuse as to why she has not obeyed the subpoena.  Therefore, the Court should issue an Order to

15

16   Show Cause directing Monica Kapcsos to appear and show cause why she did not appear for her

17   deposition and produce documents in response to the properly served and executed subpoena.[1]

18

19        Dated this 25th day of May 2012.

20                                                    STIRBA & ASSOCIATES

21

22                                                    By /s/  R. Blake Hamilton
                                                        R. Blake Hamilton
23                                                      215 South State Street, Suite 750
                                                        Salt Lake City, Utah 84110
24                                                      Attorneys for the Hildale Defendants

25

26

27

─────────────────────

28        [1] A proposed Order is filed concurrently herewith.

4

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of May 2012, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic filing to the following CM/ECF registrants:

William G. Walker
William G. Walker, P.C.
177 N. Church Ave., Suite 700
Tucson, Arizona 85701
Attorney for Plaintiffs Ronald and Jinjer Cooke

Sandra R. Kane
Assistant Attorney General
1275 W. Washington Street
Phoenix, Arizona  85007
Attorney for Plaintiff-Intervenor State of Arizona

Jeffrey C. Matura
Graif Barrett & Matura, P.C.
1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
Attorneys for Defendant Town of Colorado City

Monica Kapcsos
Morning Dove Consulting
170 N. Main
Fredonia, AZ 86022
(Service by first class mail.)


        /s/ Jane Wiscomb

5