Thomas E. Perez
Assistant Attorney General
Steven H. Rosenbaum (NY Bar #1901958)
Jonathan M. Smith (DC Bar #396578)
R. Tamar Hagler (CA Bar #189441)
Christy E. Lopez (DC Bar #473612)
Eric W. Treene (NY Bar #2568343)
Lori K. Wagner (VA Bar #39446)
Sean R. Keveney (TX Bar #24033862)
Jessica C. Crockett (NY Bar #4694972)
Anika Gzifa (DC Bar #495394)
Matthew J. Donnelly (IL Bar #6281308)
Attorneys
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC  20530
Phone:          (202) 305-3107
Facsimile:      (202) 514-1116
E-mail:   lori.wagner@usdoj.gov

Attorneys for Plaintiff the United States
in Case No. 3:12cv8123-MHB

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ronald Cooke and Jinjer Cooke, husband and wife,<br><br>Plaintiffs;<br><br>The State of Arizona *ex rel.* Terry Goddard, the Attorney General; and The Civil Rights Division of the Arizona Department of Law,<br><br>Plaintiff-Intervenor;<br><br>v.<br><br>Town of Colorado City, Arizona, *et al.*,<br><br>Defendants. | No. 3:10cv8105-JAT<br><br>**UNITED STATES' MOTION TO TRANSFER RELATED CASE** |

| United States of America, | |
|---|---|
| Plaintiff; | No. 3:12cv8123-MHB |
| v. | |
| Town of Colorado City, Arizona, *et al.*, | |
| Defendants. | |

### UNITED STATES' MOTION TO TRANSFER RELATED CASE

The United States moves this Court, pursuant to Local Civil Rule 42.1(a), to transfer *United States v. Town of Colorado City*, No. 3:12cv8123-MHB (D. Ariz.), to this Court as a related case to *Cooke v. Town of Colorado City,* No. 3:10cv8105-JAT (D. Ariz.). The United States' recently-filed Complaint alleges, *inter alia*, housing discrimination against non-members of the Fundamentalist Church of Jesus Christ of Latter-day Saints ("FLDS") by defendants the Town of Colorado City, City of Hildale, Twin City Water Authority, and Twin City Power. *See generally* Complaint, *United States v. Town of Colorado City*, No. 3:12cv8123-MHB (D. Ariz. filed June 21, 2012), ECF No. 1 ("United States' Complaint") (attached). This *Cooke* action involves substantially similar claims of housing discrimination against non-FLDS members by the same defendants. *See generally* Joint Second Amended Complaint, *Cooke,* No. 3:10cv8105-JAT (D. Ariz. filed Dec. 12, 2011), ECF. No. 169 ("*Cooke* Complaint"). Thus, these related cases "arise from substantially the same transaction[s] or event[s]," "involve substantially the same" defendants, and "call for determination of substantially the same questions of law." LRCiv 42.1(a). This Court has already devoted substantial judicial resources to, and gained extensive knowledge of, the substantially similar issues of fact and law in the *Cooke* action. Accordingly, transferring the recently-filed *United States v. Town of Colorado City* case to this Court would promote judicial economy by preventing a "substantial duplication of labor . . . by different Judges." LRCiv 42.1(a).

The United States submits the following Memorandum in Support of this Motion to Transfer Related Case.[1]

## MEMORANDUM IN SUPPORT

This Court should grant the United States' Motion to Transfer its related case to this Court because the transfer will promote judicial economy by preventing substantial judicial duplication of this Court's already invested time and resources. As detailed below, the *Cooke* action and the United States' recently-filed action concern substantially similar "pattern or practice" housing discrimination claims, based on partially overlapping questions of fact, against virtually identical defendants. While the United States also alleges a separate pattern or practice of police misconduct actionable under 42 U.S.C. § 14141, this claim too concerns, *inter alia*, the police force's discrimination against non-FLDS members' housing rights. Accordingly, this Court should rule that transferring the United States' case to this Court is proper and appropriate.

### I.  LEGAL STANDARD

This Court has "broad discretion" to transfer the United States' related case against the defendants to this Court. *Smith v. Sperling*, No. 11cv722, 2011 WL 4101508, *1-2 (D. Ariz. Sept. 14, 2011) (Teilborg, J.). Local Civil Rule 42.1(a) provides the factors courts should consider to determine whether a related case should be transferred. Rule 42.1(a) allows the United States to file the instant transfer motion when the related cases:

> (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges.

---

[1] The United States moves only to transfer its case to this Court; the United States does not by this motion seek to consolidate the cases.

3

LRCiv 42.1(a). These factors require only a substantial similarity, not exactness. *See Gagan v. Estate of Sharar*, Nos. 99cv1427 & 08cv18, 2008 WL 2810978, at *3 (D. Ariz. July 18, 2008) ("[E]xactness is not the standard under LRCiv. 42.1(a)(1)."). The United States' case is "related" if it satisfies any one of the above factors. *Smith,* 2011 WL 4101508 at *1. If the United States satisfies any one of the above factors, this Court may exercise its broad discretion and transfer the related case. *Id.*

If the Court determines that transfer is appropriate and a single judge should hear the related cases, Local Civil Rule 42.1(d) provides factors guiding the Court's determination of which judge should hear the related cases. In considering this assignment, the Court may consider the factors of: "(1) whether substantive matters have been considered in a case; (2) which Judge has the most familiarity with the issues involved in the cases; (3) whether a case is reasonably viewed as the lead or principal case; or (4) any other factor serving the interest of judicial economy." LRCiv 42.1(d).

**II.   DISCUSSION**

The United States' action has substantial factual and legal similarities to the *Cooke* action, warranting its transfer as a related case. The United States' Complaint alleges that the defendants are "engaged in a pattern or practice of illegal discrimination against individuals who are not members of the [FLDS]. The Cities' public officials, the Colorado City/Hildale Marshal's Office ("the Marshal's Office"), and utility entities have acted in concert with FLDS leadership to deny non-FLDS individuals housing, police protection, and access to public space and services." United States' Complaint ¶ 4. The United States brings three claims, namely that the defendants are violating: (1) the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*; (2) the police misconduct provisions of 42 U.S.C. § 14141; and (3) the equal access to public services provision of Title III of the Civil Rights Act of 1964, 42 U.S.C. § 2000b. United States' Complaint ¶¶ 1, 57-61 (Fair Housing Act), 51-56 (Police Misconduct), 62-63 (Title III). The United States' action and the *Cooke* action satisfy multiple Local Civil Rule 42.1(a) related case factors.

Both cases involve similar "pattern or practice" housing discrimination claims against the same defendants, namely the Town of Colorado City, City of Hildale, Twin City Water Authority ("TCWA"), and Twin City Power. *Compare Cooke* Complaint ¶¶ 6, 7, 8 & 10, *with* United States' Complaint ¶¶ 6-9.[2] The same attorneys represent the respective defendants in both cases. Thus, the cases "involve substantially the same parties." LRCiv 42.1(a); *see also Smith*, 2011 WL 4101508 at *3 ("LRCiv 42.1(a) does not require the parties to be identical in identity, number and position.").

Beyond common defendants, both cases will "call for determination of substantially the same questions of law," and arise, in part, "from substantially the same transaction[s] or event[s]." LRCiv 42.1(a). The United States' Complaint alleges that the defendants are engaging in a pattern or practice of violating the federal Fair Housing Act. More particularly, the United States alleges that "Defendants Colorado City, Hildale, TCWA, and Twin City Power have treated non-FLDS individuals differently than FLDS residents because of religion by making housing unavailable to non-FLDS residents." United States' Complaint ¶ 36. The United States' Complaint further alleges that the defendants "have, since approximately 2008, denied or unreasonably delayed water and electric service to non-FLDS individuals, refused to issue them building permits, and otherwise prevented non-FLDS individuals and the [United Effort Plan] Trust from constructing new housing or occupying existing housing, all on the ground of religion." United States' Complaint ¶ 36.

The *Cooke* action brings substantially similar pattern or practice housing discrimination claims against the same defendants. Like the United States, the Cookes claim that the defendants are engaging in a practice of violating non-FLDS members' federal Fair Housing Act rights. *Cooke* Complaint ¶¶ 108-109 (Count Four).[3] The State of Arizona, plaintiff-

---

[2] The *Cooke* action has one additional named defendant, Hildale-Colorado City Utilities. *Cooke* Complaint ¶ 9.

[3] Similarly, several of the Cookes' other claims allege that the defendants are engaging in a "policy, pattern and practice of discrimination against non-FLDS affiliated persons based on religion," "with the intent of denying equal housing opportunities to the Cookes." *E.g.*, *Cooke* Complaint ¶¶ 96-97 (Count One), 100-101 (Count Two), 105-106 (Count Three).

5

intervenor in the *Cooke* action, alleges that the defendants are engaging in "pattern or practice" of violating non-FLDS members' rights under Arizona's Fair Housing Act, A.R.S. § 41-1491.35. *See Cooke* Complaint ¶¶ 142-146 (Count Nine). This Arizona Fair Housing Act claim involves legal questions substantially similar to the United States' federal Fair Housing Act claim. *See Canady v. Prescott Canyon Estates Homeowners Ass'n*, 204 Ariz. 91, 93 n.3, 60 P.3d 231, 233 n.3 (Ariz. Ct. App. 2002) ("Because the provisions of Arizona's Fair Housing Act . . . are virtually identical to those provisions of the federal Act, federal case authority is persuasive in interpreting Arizona's statute."). Thus, both cases will likely "call for determination of substantially the same questions of law." LRCiv 42.1(a).

Both cases also arise, in part, "from substantially the same transaction[s] or event[s]." LRCiv 42.1(a). Similar to the United States' action, the *Cooke* action seeks to "redress the injury sustained by Defendants' violation of the fair housing rights of [the Cookes], and denial of and resistance to the full enjoyment of the fair housing rights of other persons who, like the Cookes, are not members of the [FLDS], and reside on or have applied to reside on land owned by the United Effort Plan Trust . . . and seek to receive utility services, including new connections to the municipal culinary water system, from Defendants in this predominately FLDS community without discrimination, intimidation or interference based on religion." *Cooke* Complaint at p. 2. Both "pattern or practice" housing discrimination cases will likely use partially overlapping witnesses, and produce proof of some of the same incidents, including evidence of the defendants' discrimination against the Cookes. Thus, both cases allege that the defendants are engaged in "pattern or practice" housing discrimination based on substantially similar "transaction[s]" and "event[s]." *See* LRCiv 42.1(a).

The United States also brings a separate "pattern or practice" police misconduct claim based on the city defendants' violation of 42 U.S.C. § 14141. This police misconduct claim, *inter alia*, concerns the police force's discrimination against non-FLDS members' housing rights. *See* United States' Complaint ¶ 28 ("[T]he Marshal's office has consistently disregarded the validity of Trust-signed occupancy agreements . . . Marshal's Deputies refused to remove the FLDS trespassers [who were interfering with the property rights of non-FLDS members]; *id.* at ¶ 30 ("The Marshal's office uses its authority to aid the FLDS Church by

facilitating the unlawful evictions of non-FLDS residents and refusing to permit non-FLDS individuals to move into properties for which they have occupancy agreements."). The *Cooke* Plaintiffs make similar allegations that police officers selectively enforce housing rights in favor of FLDS members. *See Cooke* Complaint ¶¶ 85 & 137 (alleging Marshal's Deputy refused to enforce trespassing law against FLDS member).

Overall, both cases center on the defendants' illegal use of government power to enforce the will of the FLDS church. *Compare*, *e.g.*, United States' Complaint ¶ 4 ("The Marshal's Office has inappropriately used its state-granted law enforcement authority to enforce the edicts of the FLDS, to the detriment of non-FLDS members."), *with Cooke* Complaint ¶ 27 ("Defendants and their agents have treated the governmental agencies that they control as arms of the FLDS religion, and utilized the powers and resources of these municipal entities to attempt to exclude non-members of the FLDS, such as the Cookes, from the communities of Colorado City and Hildale."). The substantial similarities outlined above counsel that transferring the United States' case to this Court will prevent duplicative judicial efforts at determining substantially similar housing discrimination claims, based on partially overlapping questions of fact, against virtually identical defendants. LRCiv 42.1(a).

This Court's hearing the United States' related case would also be appropriate because this Court has already "considered" many "substantive matters" in the *Cooke* case, and "has the most familiarity with the issues involved in the cases." LRCiv 42.1(d).[4] The *Cooke* action is at the summary judgment phase. *See Cooke*, ECF Nos. 264-70 (parties' motions for summary judgment). Through the *Cooke* action, this Court has already devoted substantial judicial resources to, and gained extensive knowledge of, the cases' substantially similar issues of fact and law. Comparatively, little judicial resources have been devoted to the United States' case, given that the United States just filed its Complaint on June 21, 2012, and the defendants have yet to file their Answers to the Complaint. While the more advanced stage of litigation often cautions against *consolidating* cases, courts have found it appropriate to

---

[4] The LRCiv 42.1(d) factors were formerly enumerated identically at LRCiv 42.1(a)(4) (2008-2009).

7

*transfer* a recently initiated related case to the court that had already considered many substantive issues and gained extensive familiarity with the related issues. *See Parra v. Bashas' Inc.*, Nos. 02cv591 & 09cv209, 2009 WL 1024615, at *5-6 (D. Ariz. April 15, 2009) (granting contested motion to transfer, weighing LRCiv 42.1(d) factors, and finding that case should be transferred to judge hearing the case which had proceeded through discovery and appeal, rather than the judge who had "yet to consider any substantive matters" in the "recently commenced" case); *Gagan v. Estate of Sharar*, Nos. 99cv1427 & 08cv18, 2008 WL 2810978, at *3 (D. Ariz. July 18, 2008) (granting contested motion to transfer, and finding related case should appropriately be heard by the judge who had presided over the case for over a decade, and thus was "undeniably" "the most familiar with the issues involved," rather than the judge who had "not yet considered any substantive matters" in the months-old case). Accordingly, this Court's invested resources and incurred knowledge make transferring the United States' case to this Court appropriate.

### III.    CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court grant its Motion to Transfer its related case.

Respectfully Submitted,

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Chief
Housing and Civil Enforcement Section

JONATHAN M. SMITH
Chief
Special Litigation Section

R. TAMAR HAGLER
CHRISTY E. LOPEZ
Deputy Chiefs

ERIC W. TREENE
Special Counsel

*/s/ Matthew J. Donnelly*
LORI K. WAGNER
SEAN R. KEVENEY
JESSICA C. CROCKETT
ANIKA GZIFA
MATTHEW J. DONNELLY
Attorneys
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC  20530
Phone:    (202) 305-3107
Facsimile:    (202) 514-1116
E-mail: matthew.donnelly@usdoj.gov

Dated: July 12, 2012

## **CERTIFICATE OF SERVICE**

I certify that on July 12, 2012, I caused a copy of the *United States' Motion to Transfer Related Case*, to be sent via the Court's ECF system to the following counsel for *Cooke v. Town of Colorado City,* No. 3:10cv8105 (D. Ariz.):

William G. Walker
William G. Walker, P.C.
177 N. Church Avenue, Suite 700
Tucson, Arizona 85701
*Attorney for Plaintiffs Ronald and Jinjer Cooke*

Sandra R. Kane
Assistant Attorney General
1275 W. Washington Street
Phoenix, Arizona 85007
*Attorney for Plaintiff-Intervenor State of Arizona*

Jeffrey C. Matura
Graif Barrett & Matura, P.C.
1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
*Attorney for Defendant Town of Colorado City*

R. Blake Hamilton
Stirba & Associates
215 South State Street, Suite 750
Salt Lake City, Utah 84110
*Attorney for Defendants City of Hildale, Hildale-Colorado City Utilities, Twin City Water Authority, and Twin City Power*

I further certify that on July 12, 2012, I filed in *United States v. Town of Colorado City*, No. 3:12cv8123 (D. Ariz.), via the Court's ECF system, a notice and copy of the *United States' Motion to Transfer Related Case*. I also served a copy via first-class mail on:

Jeffrey C. Matura
Graif Barrett & Matura, P.C.
1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
*Attorney for Defendant Town of Colorado City*

R. Blake Hamilton
Stirba & Associates
215 South State Street, Suite 750
Salt Lake City, Utah 84110
*Attorney for Defendants City of Hildale, Twin City Water Authority, and Twin City Power*

　　　　　　　　　　　　　　　　　　　　　*/s/ Matthew J. Donnelly*
　　　　　　　　　　　　　　　　　　　　　MATTHEW J. DONNELLY
　　　　　　　　　　　　　　　　　　　　　Attorney for the United States