**William G. Walker, Esq.**
**WILLIAM G. WALKER, P.C.**
**177 N. Church Avenue, Suite 700**
**Tucson, AZ 85701**
**Telephone: (520) 622-3330**
**SBN: 005361**
**wgwpc@aol.com**

**Attorney for** Plaintiffs Ronald and Jinjer Cooke

**THOMAS C. HORNE**
**The Attorney General**
**Firm No. 14000**
**Sandra R. Kane, No. 007423**
**Leslie A. Ross, No. 027207**
**Assistant Attorneys General**
**Civil Rights Division**
**1275 W. Washington Street**
**Phoenix, AZ 85007**
**Telephone: (602) 542-8862**
**CivilRights@azag.gov**

**William Richards, Esq. No. 013381**
**BADE BASKIN RICHARDS**
**80 E. Rio Salado Parkway, Suite 55**
**Tempe, AZ 85281**
**Telephone: (480) 968-1225**
brichards@bbrplc.com

**Attorneys for Plaintiff-Intervenor State of Arizona**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **RONALD COOKE AND JINJER COOKE, husband and wife,**<br><br>**Plaintiffs,**<br><br>**THE STATE OF ARIZONA** ***ex rel.*** **THOMAS C. HORNE, the Attorney General; and THE CIVIL RIGHTS DIVISION OF THE ARIZONA DEPARTMENT OF LAW,**<br><br>Plaintiff-Intervenor,<br><br>**vs.**<br><br>**TOWN OF COLORADO CITY, ARIZONA; CITY OF HILDALE, UTAH; HILDALE-COLORADO CITY UTILITIES (Hildale-Colorado City Power, Water, Sewer and** | **No: 3:10-CV-08105--JAT**<br><br>**PLAINTIFFS AND PLAINTIFF-INTERVENOR'S RESPONSE TO HILDALE DEFENDANTS' MOTION TO STRIKE THE TESTIMONY OF SALLY ALCOTT, M.D.** |

**Gas Department); TWIN CITY WATER AUTHORITY, INC., a Utah non-profit corporation; TWIN CITY POWER; et al,**

**Defendants.**

Plaintiffs and Plaintiff-Intervenor, by and through their attorneys undersigned, hereby respond to Hildale Defendants' Motion to Strike the Testimony of Sally Alcott, M.D., [Doc. 284] on the grounds and for the reasons set forth herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

Hildale Defendants move to strike the deposition testimony of Sally Alcott, M.D., on the grounds that the disclosures of Plaintiffs and Plaintiff-Intervenor have been insufficient, caused them prejudice, and that they were therefore surprised by the testimony given by Dr. Alcott at her deposition of April 26, 2012.[1]

Defendant Colorado City has not joined in this Motion.

## FACTUAL BACKGROUND

In reciting the factual background of this case, the Hildale Defendants have materially misstated the record concerning the information that has been provided to them by Plaintiffs and Plaintiff-Intervenor concerning Dr. Alcott. The Hildale Defendants' section entitled "FACTUAL BACKGROUND" recites only the following allegation concerning the information provided by Plaintiffs and Plaintiff-Intervenor:

> On November 10, 2011, one day before this Court's witness disclosure deadline, Plaintiffs disclosed Dr. Alcott as an expert who may testify at trial by simply listing her name and contact information. *See* Dckt. #140; *see also* Plaintiffs' Joint Expert Disclosure, attached as 1 hereto. Plaintiffs' Initial Disclosure Statement simply stated that 'Dr. Alcott is Ronald Cooke's

---

[1] Interestingly, the Hildale Defendants do not move to bar Dr. Alcott's testimony at trial. Rather, their motion specifically seeks to "strike the deposition testimony of Sally Alcott, M.D." Twice, in their Motion, the Hildale Defendants are explicit that they seek only to strike the deposition testimony. In the first sentence of their Motion, they say they "hereby request that this Court ***strike the deposition testimony*** of Sally Alcott, M.D. . . . ." *Hildale Defendants' Motion to Strike the Testimony of Sally Alcott, M.D.*, [Doc. 284] p. 1, lines 2-3 (emphasis added). Beginning their Memorandum, the Hildale Defendnats reiterate: "The question presented is whether this Court should ***strike the deposition*** of Dr. Sally Alcott from the record." *Id.,* p. 1, line 1 to p. 2, line 1 (emphasis added).

> treating physician and rehabilitation doctor [and s]he may testify concerning her treatment of Ronald Cooke and his physical and mental disabilities." *See* Plaintiffs' Initial Disclosures, at 4, attached as Exhibit 2 hereto.

*Hildale Defendants' Motion at p. 2, lines 4-10.*

The Hildale Defendants' recitation of the record is factually inaccurate, and the failure of these Defendants to include voluminous discovery provided by Plaintiffs and Plaintiff-Intervenor can only be seen as a deliberate attempt to mislead this Court concerning the issue presented here.

A more complete record of the disclosures and information available to the Hildale Defendants prior to or at the time for expert disclosure is as follows:[2]

- Initial Disclosure Statement of Plaintiffs Ronald and Jinjer Cooke pursuant to Rule 26(1), served December 13, 2010. In this disclosure, served 11 months prior to the deadline for disclosing experts, Dr. Alcott was disclosed as a witness for Plaintiffs. Plaintiffs revealed that: "Dr. Alcott is Ronald Cooke's treating physician and rehabilitation doctor. She may testify concerning her treatment of Ronald Cooke and his physical and mental disabilities." *Initial Disclosure Statement of Plaintiffs Ronald and Jinjer Cooke Pursuant to Rule 26(a),* I, (I), p. 4.

  *Hildale Defendants' Exhibit 2, Doc. 288-1.*

- *On December 13, 2010, Plaintiff-Intervenor State of Arizona served its Initial Disclosure Statement. Therein, it listed Dr. Alcott as an " individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses . . . ." Plaintiff-Intervenor State of Arizona's Rule 26(a) Initial Disclosure Statement, p. 12, ¶16. The disclosure, in its entirety, is as follows:

---

[2] Disclosures prefaced with an asterisk (*) are those which the Hildale Defendants failed to include in their Factual Background.

> "16. Sally Alcott, M.D, Valley Physical Medicine and Rehabilitation, 222 Q Thomas Rd., Ste. 212, Phoenix, AZ 85013. Dr. Alcott is Ronald Cooke's medical doctor and has been treating him since he was critically injured when struck by a truck on a construction job in 2005. It is expected that Dr. Alcott has information in support of Plaintffs' Joint Amended Complaint, including but not limited to: Ronald Cooke's disabilities and related limitations resulting from the 2005 accident; Ronald Cooke's disability-related housing needs; Ronald Cooke's need due to his disabilities for reliable culinary water, electricity and sewer service to enjoy equal opportunity to use and enjoy housing in Colorado City.

*Exhibit A, pp. 12-13, attached hereto.*

*In the same disclosure, Plaintiff-Intervenor listed as documents which it "may use to support its claims or defenses" that it possessed a "recorded interview of Mr. Cooke's physician, Sally Alcott, M.D., which shall be produced upon agreement to an appropriate confidentiality productive order." *Exhibit A, attached hereto*

- *On December 13, 2010, in its Initial Disclosure Statement, Plaintiff-Intervenor attached a copy of its Final Investigative Report. The report contains a nine paragraph summary of a recorded interview of Dr. Alcott, taken under oath, in which Dr. Alcott explains Ronald Cooke's disabilities, his need for a wheelchair accessible living space and his ***special*** needs for electricity and water. The summary states: "The lack of running water is huge because of his incontinence." *Exhibit B, attached hereto.*
- *On February 14, 2011, Plaintiff-Intervenor, in response to Defendant Town of Colorado City's First Request for Production, provided to all Defendants a CD of an audio recording of an October 8, 2009, interview of Sally Alcott, M.D. The CD was labeled and attached to the Response as Exhibit 4. *Exhibit C ,*

*attached hereto.*[3]

- *On February 25, 2011, Plaintiffs Ronald and Jinjer Cooke, in response to Defendant Town of Colorado City's First Set of Request for Production provided all Defendants with 60 pages of Dr. Alcott's medical records. *Exhibit D, attached hereto*.
- *On March 9, 2011, Defendant Colorado City served Dr. Alcott with a Subpoena Duces Tecum to produce all of her medical records. Plaintiff Ronald Cooke cooperated with this request by signing an authorization which accompanied the Subpoena. *Exhibit E**,** attached hereto*.
- *On June 13, 2011, Colorado City, in its Second Supplemental Disclosure, disclosed 156 pages of Dr. Alcott's medical records to all parties. *Exhibit F**,** attached hereto.*
- On November 10, 2011, Plaintiffs and Plaintiff-Intervenor served their Joint Expert Disclosure, listing Dr. Alcott and indicating that she "will testify consistently with [her] medical records, all of which have been provided to the Defendants . . . ." They indicated that "[t]he records will be used by Plaintiffs at trial to corroborate the testimony of the treating doctors and as independent evidence of Plaintiff Ronald Cooke's disabilities." "The doctors will testify at trial concerning the medical condition of Plaintiff Ronald Cooke, their diagnoses, the physical limitations on Mr. Cooke, the facts establishing and the extent of his disabilities, and his needs for electricity and clean water, his need for accessible housing, including an accessible shower, and the limitations on his physical activity due to his disabilities. They will also testify as to the effects of stress, cold and infection on his disability."

  *Hildale Defendants' Exhibit 1, Doc. 288.*

---

[3] Subsequently, the Hildale Defendants made a transcript of this recorded interview and questioned Dr. Alcott about it at her deposition on April 26, 2012.

On April 26, 2012, shortly before the end of discovery, Defendants took the deposition of Dr. Alcott. At the deposition, the Defendants acknowledged their receipt of the disclosure of the recorded interview with Dr. Alcott. Attorney for Defendant Colorado City specifically asked Dr. Alcott the following question: "My notes tell me that this interview was on October 8, 2009. Does that sound right to you?" *Exhibit G, p. 25.* Further questioning about that interview and the opinions and conclusions of Dr. Alcott which were stated therein are contained at pp. 26-48 of the deposition. Specifically, Dr. Alcott reiterated her opinion, stated to investigator Cuilty and disclosed to Defendants in the Plaintiff-Intervenor's Initial Disclosure that because of his incontinence, Ronald Cooke had a special need for water over and above the general population.

At the deposition, counsel for Colorado City also utilized the medical records which were provided by Plaintiffs on February 25, 2011, in response to Defendant Town of Colorado City's First Set of Request for Production. *Exhibit G, p. 51, line 21, to p. 53, line 18.*

Additional questioning on the record occurs at p. 55, line 9 to p. 61, line 25. Specific portions of the medical records of Dr. Alcott, received by Defendants' counsel as early as February 14, 2011, were specifically shown to the doctor and attached as exhibits to her deposition. *Exhibit G, pp. 51, 56.*

Mr. Hamilton, counsel for the Hildale Defendants, acknowledged at the deposition that he had a verbatim transcript of the recorded interview with Jesse Cuilty, disclosed to Defendants on December 13, 2010, and provided to them on February 14, 2011, over eight months prior to the deadline for disclosure of expert testimony. The verbatim transcript is attached hereto as *Exhibit H***.** Hamilton, who did not disclose the existence of the disclosure to this Court in his motion stated as follows:

> Q: And you talked about running water there and electricity, and you talked about that with Mr. Matura.
>
> I wanted to pin down some of those points.

> ***I actually have a transcript of the recording that you had with Jesse Cuilty.*** (Emphasis added).

*Deposition of Sally Alcott, M.D., Exhibit G,* at p. 71 line 23 to p. 72, line 2.

After acknowledging his receipt of the transcript of the interview, Mr. Hamilton proceeded to question Dr. Alcott concerning the facts and conclusions that she disclosed in that interview. *Exhibit G, , pp. 74-81.*

Later, Mr. Hamilton questioned Dr. Alcott specifically about medical records which the Defendants had received from the Plaintiff. *Exhibit G, p. 83.*

## ARGUMENT

### I. Plaintiffs/Plaintiff-Intervenor Adequately Disclosed Dr. Alcott's Facts and Opinions.

Rule 26(a)(2)(C) provides that witnesses, such as Dr. Alcott, who do not need to provide a written report must state: (1) the subject matter on which the witness is expected to present evidence under Federal Rules of Evidence 702, *et seq.*, and (2) a summary of facts and opinions to which the witness is expected to testify.

Contrary to the statements of the Hildale Defendants, Defendants received voluminous disclosure concerning the facts and opinions to which Dr. Alcott is expected to testify and the subject matter of her testimony.

Attached to this motion as Exhibit I is a chart comparing the facts and opinions which Dr. Alcott gave to investigator Jesse Cuilty on October 8, 2009 (disclosed to Defendants on February 14, 2011), with the facts and opinions which she stated at her deposition on April 26, 2012. A juxtaposition of the facts and opinions stated by Dr. Alcott at these two events indicates a full disclosure by the Plaintiff, without consideration of the hundreds of pages of medical records and other material readily available to Defendants ***prior to the expert disclosure deadline of November 10, 2011.*** The requirements of Rule 26 are met.

### II. Hildale Defendants Cannot Reasonably Claim Surprise or Prejudice Concerning the Disclosures of Plaintiffs/Plaintiff-IntervenorConcerning Dr. Alcott.

The Hildale Defendants seek relief under Rule 37(c)(1) which dictates that, if a party

violates the requirements of Rule 26(a), it will be precluded from using that information or witness in a "trial" unless the failure was substantially justified or is harmless. *See Federal Rules of Civil Procedure* 37(c)(1) . The key to whether the witness may be permitted to testify or utilize the information in question is whether or not the moving party is surprised or prejudiced by the failure to disclose. *See, e.g., Oracle USA, Inc. v. SAP*, 264 FRD 541, 557 (N.D. Cali. 2009).

In this case, it is impossible for the Hildale Defendants to prevail utilizing this test. These Defendants do not even specify for the Court what testimony of Dr. Alcott was a surprise to them, considering the plethora of medical records disclosed to them, the verbatim interview of Dr. Alcott under oath, and the summary provided in the Plaintiff-Intervenor's Initial Disclosure Statement. Surely they cannot claim surprise that the doctor will testify concerning Ronald Cooke's disabilities, the effects of his disabilities on his need for disability equipped housing or his resultant special needs for water or electricity. These subjects were all considered in the initial interview, detailed in the medical records, and subsequently testified to by Dr. Alcott in her deposition. ***The failure of the Hildale Defendants to specify the nature and extent of the surprise to them is a critical failure in attempting to get relief from this Court.***

Furthermore, the Hildale Defendants' claim of prejudice from any "surprise" is totally unfounded.

The Hildale Defendants argue that they were prejudiced by the failure of Plaintiffs/Plaintiff-Intervenor to disclose fully the opinions and facts of Dr. Alcott, because they were somehow precluded from seeking their own expert until after the close of the discovery period under this Court's Scheduling Order. All Defendants knew, however, at the outset of this case that the disabilities of Plaintiff Ronald Cooke and the claims of his need for specially equipped housing, water and electricity were central to this case. They also knew that Dr. Alcott would be a critical witness for the Plaintiffs and Plaintiff-Intervenor since she was the main treating physician, was listed as a witness in the initial disclosures

which were served about a year prior to the deadline for expert disclosure, and were given a detailed summary of Ronald Cooke's medical conditions and requirement for adaptive housing, water and electricity in that initial disclosure.

In short, there was no surprise to these Defendants concerning Dr. Alcott's deposition testimony, and that testimony was not the cause of them failing to timely notice an expert; their failure was caused by their own neglect.

The Hildale Defendants cite *Durham v. County of Maui*, 2011 WL 2532423 (USDC Hawaii, 2011) as support for their assertion that the testimony should be stricken. The facts in *Durham* support Plaintiffs and Plaintiff-Intervenor, not the Defendants.

In *Durham*, the plaintiffs merely provided names of 12 of its 13 experts and a description of one other, whereas in this case, the Plaintiffs and Plaintiff-Intervenor disclosed an interview containing Dr. Alcott's opinion and the facts upon which she based them early in the disclosure process. Plaintiffs and Plaintiff-Intervenor also disclosed that Dr. Alcott's opinions would be based on medical records, which the Hildale Defendant had already received.

Additionally, the *Durham* Court indicated that the purpose of Rule 26 expert disclosure is "to eliminate 'unfair surprise to the opposing party,'" *quoting Muldrow ex rel. Estate of Muldrow*, *v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007) (quoting *Cylla - Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284, (8th Cir. 1995).

In this case, where the Hildale Defendants cannot even tell the Court what surprise they encountered when they took the deposition of Dr. Alcott, their motion is insufficient on its face.

**CONCLUSION**

For the foregoing reasons, Plaintiffs and Plaintiff-Intervenor request that the Court deny Hildale Defendants' Motion to Strike Testimony of Sally Alcott, M.D.

RESPECTFULLY SUBMITTED this 9th day of August, 2012.

THOMAS C. HORNE
ATTORNEY GENERAL
1275 W. Washington
Phoenix, AZ 85007

William A. Richards, Esq.
BADE BASKIN & RICHARDS
80 East Rio Salada Parkway, No. 511
Tempe, AZ 85281

By /s/ Sandra R. Kane (w/permission)
Sandra R. Kane
Attorneys for Plaintiff -Intervenor

WILLIAM G. WALKER P.C.
177 N. Church Avenue
Suite 700
Tucson, AZ 85701

/s/William G. Walker
William G. Walker
Attorney for Plaintiffs Ronald and Jinjer Cooke

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2012, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic filing to the following CM/ECF registrants:

Jeffrey Matura, Esq.
Asha Sebastian, Esq.
1850 N. Central Avenue, Suite 500
Phoenix, AZ 85004
Attorneys for Town of Colorado City
jmatura@gbmlawpc.com
asebastian@gbmlawpc.com

R. Blake Hamilton, Esq.
215 S. State Street, Suite 750
P. O. Box 810
Salt Lake City, UT 84110
Attorneys for Hildale-Colorado City Utilities (Hildale-Colorado City Power, Sewer and Gas Department and Twin With Water Authority); Twin City Power; City of Hildale
bhamilton@stirba.com

Sandra R. Kane, Assistant Attorney General
Leslie Ross, Assistant Attorney General
Civil Rights Division
1275 W. Washington Street
Phoenix, AZ 85007
Attorney for Plaintiff-Intervenor State of Arizona
sandra.kane@azag.gov
Leslie.Ross@azag.gov

Bill Richards, Esq.
Bade Baskin & Richards
80 East Rio Salado Parkway, Suite 511
Tempe, AZ 85281
brichards@bbrplc.com

s/ Sharon L. Barnette, CLA