WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Cooke and Jinjer Cooke, husband and wife,<br><br>Plaintiffs,<br><br>The State of Arizona *ex rel.* Thomas C. Horne, the Attorney General; and the Civil Rights Division of the Arizona Department of Law,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Town of Colorado City, Arizona; City of Hildale, Utah, Hildale-Colorado City Utilities (Hildale-Colorado City Power, Water, Sewer and Gas Department and Twin City Water Authority); Twin City Power,<br><br>Defendants. | No. CV 10-08105-PCT-JAT<br><br>**ORDER** |

Once again, this Court is required to determine the adequacy of a party's expert disclosures under Rule 26(a)(2)(C).

Defendants move to strike the testimony of Plaintiffs' and Plaintiff-Intervenor's witness, Sally Alcott, M.D. Defendants argue that Dr. Alcott's testimony should be stricken because Plaintiffs' disclosures violated Federal Rule of Civil Procedure

26(a)(2)(C). Specifically, Defendants argue that, in the absence of an expert report from a treating physician, Plaintiffs and Plaintiff-Intervenor were required to disclose the subject matter on which Dr. Alcott is expected to present evidence under Federal Rules of Evidence 702, 703, or 705 and a summary of the facts and opinions to which Dr. Alcott is expected to testify. Defendants argue that Plaintiffs and Plaintiff-Intervenor failed to disclose any of this information in the proper format as required by Rule 26(a)(2)(C).

In response, Plaintiffs and Plaintiff-Intervenor argue that they adequately disclosed Dr. Alcott's facts and opinions pursuant to Federal Rule of Civil Procedure 26(a)(2)(C) In the alternative, Plaintiffs and Plaintiff-Intervenor argue that any failure to strictly follow Rule 26(a)(2)(C) is harmless or substantially justified because Defendants were in possession of all of the information as to which Dr. Alcott intends to testify well before the discovery cut-off. Plaintiffs and Plaintiff-Intervenor further argue that, because Defendants fail to specifically state which information contained in Dr. Alcott's proposed testimony was a surprise to them, any claim of prejudice is illusory.

**I.     BACKGROUND**

Plaintiffs and Plaintiff-Intervenor argue that certain facts and disclosures reveal that the requirements of Federal Rule of Civil Procedure 26(a)(2)(C) were met and/or that the failure to follow such requirements was substantially justified or harmless.

On December 13, 2010, Plaintiffs Ronald and Jinjer Cooke served their Initial Disclosure Statement on Defendants. The Initial Disclosure Statement contained the following information regarding the testimony of Dr. Alcott: "Dr. Alcott is Ronald Cooke's treating physician and rehabilitation doctor. She may testify concerning her treatment of Ronald Cooke and his physical and mental disabilities." (Doc. 288-1, Exhibit 2).

Likewise, on December 13, 2010, Plaintiff-Intervenor State of Arizona served its Initial Disclosure Statement on Defendants. The Initial Disclosure Statement contained the following information regarding the testimony of Dr. Alcott:

> Dr. Alcott is Ronald Cooke's medical doctor and has been

> treating him since he was critically injured when struck by a truck on a construction job in 2005. It is expected that Dr. Alcott has information in support of Plaintiff's Joint Amended Complaint, including but not limited to: Ronald Cooke's disabilities and related limitations resulting from the 2005 accident; Ronald Cooke's disability-related housing needs; Ronald Cooke's need due to his disabilities for reliable culinary water, electricity and sewer service to enjoy equal opportunity to use and enjoy housing in Colorado City.

(Doc. 294-1 at 4-5). To that Initial Disclosure Statement, Plaintiff-Intervenor attached Plaintiff-Intervenor's Final Investigative Report, which contains a nine paragraph summary of a recorded interview of Dr. Alcott, taken under oath, in which Dr. Alcott explains Ronald Cooke's disabilities, his need for a wheelchair accessible living space, and his special needs for electricity and water.

On February 14, 2011, Plaintiff-Intervenor served a Response to Colorado City's First Request for Production, which included an audio recording of an October 8, 2009 interview of Dr. Alcott.

On February 25, 2011, the Cooke Plaintiffs served a Response to Colorado City's First Request for Production, which included some of Dr. Alcott's medical records.

By June 13, 2011, all of Dr. Alcott's medical records up to June 13, 2011 were disclosed in response to Colorado City's subpoena.

On November 10, 2011, the Cooke Plaintiffs and Plaintiff-Intervenor served Plaintiffs/Plaintiff-Intervenor's Joint Expert Disclosure and Expert Report on Defendants. This Joint Expert Disclosure lists several medical witnesses and contains the following summary of those witnesses' testimony:

> The medical witnesses listed above will testify concerning their treatment and diagnoses of Ronald Cooke from the date they began treatment through the date of trial. They will testify consistently with their medical records, all of which have been provided to Defendants . . . . The doctors will testify at trial concerning the medical condition of Plaintiff Ronald Cooke, their diagnoses, the physical limitations on Mr. Cooke, the facts establishing and the extent of his

> disabilities, and his needs for electricity and clean water, his need for accessible housing, including an accessible shower, and the limitations on his physical activity due to his disabilities. They will also testify as to the effects of stress, cold, and infection on his disability.

(Doc. 288, Exhibit 1 at 3).

On November 11, 2011, all expert disclosures were due pursuant to the Court's Rule 16 Scheduling Order (Doc. 34). On December 16, 2011, all responsive expert disclosures were due pursuant to the Court's Rule 16 Scheduling Order (Doc. 34). On January 13, 2012, all rebuttal expert disclosures were due pursuant to the Court's Rule 16 Scheduling Order (Doc. 34). On January 19, 2012, the Court granted a Stipulation to extend the discovery cut-off to May 10, 2012 and the dispositive motion deadline to June 15, 2012 (Doc. 185).

On April 26, 2012, Dr. Alcott's deposition was taken. During the deposition, Defendants asked Dr. Alcott questions about the interview that was disclosed on February 14, 2011 and her medical records.

May 10, 2012 was the discovery cut-off set in the Court's Order granting the Stipulation to extend the discovery cut-off deadline. (Doc. 185).

On May 31, 2012, Defendants filed a Motion to Amend/Correct Scheduling Order. (Doc. 260). In that Motion, Defendants argued that the Court should amend the Scheduling Order to allow the disclosure of Defendants' expert, Dr. Jayne Clark. Specifically, Defendants argued that Plaintiffs and Plaintiff-Intervenor did not disclose the full opinions of Dr. Alcott by November 11, 2011 and, thus, Defendants could not meet their responsive witness disclosure deadline. The Court denied the Motion for being a discovery dispute filed without leave of court, as required by the Rule 16 Scheduling Order. (Doc. 262). June 15, 2012 was the deadline for the Parties to file dispositive motions.

On June 15, 2012, Plaintiffs and Plaintiff-Intervenor filed Motions for Summary Judgment (Doc. 266; Doc. 269).

Thereafter, on June 27, 2012, Defendants requested that the Court set a telephonic discovery dispute regarding the issues detailed in their May 31, 2012 Motion to Amend. (Doc. 271). On July 10, 2012, the Court held a discovery dispute and denied Defendants' request to amend the Scheduling Order as untimely.[1]

On July 27, 2012, Defendants filed the currently pending Motion to Strike the testimony of Dr. Alcott.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 26(a) provides, in relevant part,

> **2)** *Disclosure of Expert Testimony*.
> **(A)** *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
> **(B)** *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or

---

[1] In its November 29, 2010 Rule 16 Scheduling Order, the Court included the following warning to the Parties:

> As set forth in the Order Setting Rule 16 Scheduling Conference, the Court will **not** entertain discovery disputes after the close of discovery barring extraordinary circumstances. Therefore, the parties shall **complete** all discovery by the deadline set forth in this Order (**complete** being defined as including the time to propound discovery, the time to answer all propounded discovery, the time for the Court to resolve all discovery disputes, and the time to complete any final discovery necessitated by the Court's ruling on any discovery disputes). Thus, "last minute" or "eleventh hour" discovery which results in insufficient time to undertake additional discovery and which requires an extension of the discovery deadline will be met with disfavor, and may result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.

(Doc. 34 at 3 n. 3) (emphasis in original).

> one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
> **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
> **(ii)** the facts or data considered by the witness in forming them;
> **(iii)** any exhibits that will be used to summarize or support them;
> **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;
> **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> **(vi)** a statement of the compensation to be paid for the study and testimony in the case.
> **(C)** *Witnesses Who Do Not Provide a Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
> **(i)** the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> **(ii)** a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(A)-(C) (emphasis in original).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1); *see Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). If the Court finds that a party did violate Federal Rule of Civil Procedure 26(a), it is that party's burden to show that the violation is substantially justified or harmless. *See Yeti by Molly, Ltd. v. Decker Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

### III.   ANALYSIS

There is no question that the Cooke Plaintiffs and Plaintiff-Intervenor failed to

meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(C). At no time in their disclosures did Plaintiffs or Plaintiff-Intervenor attempt to state the facts and opinions to which Dr. Alcott was expected to testify. For example, in the November 10, 2011 expert disclosure, Plaintiffs state that *each* medical witness will testify that

> concerning the medical condition of Plaintiff Ronald Cooke, their diagnoses, the physical limitations on Mr. Cooke, the facts establishing and the extent of his disabilities, and his needs for electricity and clean water, his need for accessible housing, including an accessible shower, and the limitations on his physical activity due to his disabilities.

Basically, this disclosure advises the reader that the witness will have opinions in certain areas, but fails to state <u>what the opinions are</u>, and the factual basis for those opinions. For instance, this disclosure could mean that the "medical witnesses" listed would testify that Mr. Cooke does need electricity or clean water, does need accessible housing, and does have limitations on his physical activity due to his disabilities. But it is equally consistent with the witness having exactly the opposite opinion on those subjects.

Further, by listing several witnesses with this same description, the disclosure could mean that one witness intends to testify that Mr. Cooke does not need electricity or clean water and another witness intends to testify that he does need electricity or clean water. The purpose of the Rule 26(a)(2)(C) requirement is to allow the party in receipt of the disclosure to be able to read the disclosure and immediately be able to identify whether it needs a responsive witness and the information that such responsive witness would need to address. Such an assessment would be impossible based on Plaintiffs' and Plaintiff-Intervenor's disclosures regarding Dr. Alcott. Not only do the disclosures say nothing about the opinions to which the witness intends to testify, but they do not even attempt to state facts supporting such opinions. Accordingly, Plaintiffs' and Plaintiff-Intervenor's disclosures regarding Dr. Alcott are woefully inadequate and violate Rule 26(a)(2)(C).

Thus, Dr. Alcott's opinions may not be used in support of Plaintiffs' and/or

1    Plaintiff-Intervenor's summary judgment motions or at trial, unless Plaintiffs and/or
2    Plaintiff-Intervenor can show that the inadequate disclosure was substantially justified or
3    harmless.  *See* Fed. R. Civ. P. 37(c)(1).  Plaintiffs and Plaintiff-Intervenor have failed to
4    make such a showing.  Defendants have shown that they have been prejudiced because
5    they have been unable to disclose a responsive witness to dispute Dr. Alcott's opinions.
6    After taking Dr. Alcott's deposition, Defendants moved to extend the deadline for
7    disclosure of responsive witnesses and Plaintiffs and Plaintiff-Intervenors opposed that
8    request.  The Court found that the request was untimely and, thus, denied the request.
9    Defendants would not have needed an extension of time to disclose a responsive witness
10   if Plaintiffs and/or Plaintiff-Intervenor had adequately disclosed Dr. Alcott's opinions
11   and the facts upon which those opinions were based pursuant to Federal Rule of Civil
12   Procedure 26(a)(2)(C).

13   Plaintiffs and Plaintiff-Intervenor nonetheless argue that the failure to properly
14   disclose Dr. Alcott's opinions and the facts of her testimony is harmless because, if
15   Defendants read the documents attached to their disclosure statements, Dr. Alcott's
16   medical records, and documents produced in responses to subpoenas and requests for
17   productions, Defendants could have gleaned the substance of Dr. Alcott's opinions and
18   the facts to which she would testify.  Plaintiffs and Plaintiff-Intervenor further argue that
19   it is indeed clear that Defendants knew the substance of Dr. Alcott's opinions based on
20   the questions Defendants asked Dr. Alcott during her deposition.  If, under these facts,
21   the Court were to consider Plaintiffs' and Plaintiff-Intervenor's failure to properly
22   disclose these opinions and facts harmless, this would virtually gut the intent and purpose
23   of Rule 26(a)(2)(C).

24   Rule 26(a)(2)(C) was created to resolve the tension that sometimes prompted
25   courts to require reports under 26(a)(2)(B) from witnesses exempted from the expert
26   report requirement.  *See* Fed. R. Civ. P. 26(a)(2)(C), advisory committee's note 2010
27   Amendment.  The Rule strikes a balance between requiring an expert report from a
28   witness like a treating physician, who was not specially retained to provide expert

testimony and requiring a defendant to search through hundreds of pages of medical records in an attempt to guess at what the testimony of a treating physician might entail. In this case, the Court cannot find that Plaintiffs' and Plaintiff Intervenor's failure to properly follow the requirement of Rule 26(a)(2)(C) was substantially harmless simply because Plaintiffs and Plaintiff-Intervenor believe that Defense counsel correctly guessed at the substance of Dr. Alcott's testimony before the time to disclose responsive witnesses had expired. If the Court were to allow this kind of "find the Easter Egg" approach, it would allow litigants to manipulate the expert disclosure rule in a way that would materially increase the cost of litigation. An opposing party should be able (and be entitled) to read an expert disclosure, determine what, if any, adverse opinions are being proffered and make an informed decision as to whether it is necessary to take a deposition and whether a responding expert is needed.

Accordingly, Plaintiffs and Plaintiff-Intervenor have failed to carry their burden of showing that the failure to properly disclose the facts and opinions to which Dr. Alcott would testify is substantially justified or harmless.

### IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** the Hildale Defendants' Motion to Strike the Testimony of Sally Alcott, M.D. (Doc. 284) and the Town of Colorado City's Joinder thereto (Doc. 304) are granted. The Court will not consider any testimony of Dr. Alcott in ruling on the motions for summary judgment. Further, Dr. Alcott's opinion testimony will not be permitted at trial.

Dated this 13th day of February, 2013.

James A. Teilborg
United States District Judge