Jeffrey C. Matura, State Bar No. 019893
Asha Sebastian, State Bar No. 028250
**Graif Barrett & Matura, P.C.**
1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
Telephone: (602) 792-5700
Facsimile: (602) 792-5710
jmatura@gbmlawpc.com
asebastian@gbmlawpc.com

Attorneys for Defendant Town of Colorado City

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| RONALD COOKE and JINJER COOKE, husband and wife,<br><br>Plaintiffs,<br><br>THE STATE OF ARIZONA ex rel. TERRY GODDARD, the Attorney General; and THE CIVIL RIGHTS DIVISION OF THE ARIZONA DEPARTMENT OF LAW,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>TOWN OF COLORADO CITY, ARIZONA, et. al.,<br><br>Defendants. | No. 3:10-cv-08105-JAT<br><br>**DEFENDANT TOWN OF COLORADO CITY'S PROPOSED ORDER REGARDING PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW ON COUNT TEN OF THE JOINT SECOND AMENDED COMPLAINT** |

Pursuant to this Court's February 13, 2013 Order [Doc. 318], defendant Town of Colorado City submits the following proposed findings of fact and conclusions of law regarding the Cooke Plaintiffs' request for a writ of mandamus.

**I.  FINDINGS OF FACTS.**

1. The Cooke Plaintiffs request a writ of mandamus to compel Colorado City and its utility officials to provide them with a new service culinary water connection.

2. Colorado City is an Arizona municipality.

3. The utility officials are state officers.

4. Colorado City buys bulk water from Twin City Water Works, which supplies the culinary water.

5. The demand for culinary water in Colorado City exceeds the amount that Twin City Water Works is contractually required to supply.

6. The amount of water withdrawn from the aquifers around Colorado City exceeds the safe yield of those aquifers such that the aquifers cannot adequately recharge.

7. On July 7, 2007, a pump in a primary well failed due to excess demand upon the culinary water system.

8. Colorado City issued an Executive Order on July 7, 2007 to declare a water emergency.

9. Colorado City then requested a water study from Sunrise Engineering.

10. Sunrise Engineering concluded that "the increased water use has severely impacted the water aquifer, and consequently the static levels and flows have dropped. According to the evidence provided, current pumping rates have been more than what would be sustainable through natural recharge."

11. Colorado City, in cooperation with the Utility Board, adopted a formal policy for new service culinary water connections.

12. A "new service" is defined as a service location without an existing meter as of July 2007.

13. To obtain a new service connection, the policy requires the applicant to bring equivalent water to the system, show proof of ownership over that new water, and pay connection charges.

14. This policy was enforced against all residence beginning in 2007 and reduced to writing in February 2010.

15. The United Effort Plan Trust and the Cooke Plaintiffs entered into an Occupancy Agreement in 2008 for property located at 420 East Academy Avenue in Colorado City.

16. The property does not have an existing culinary water connection.

17. The Cooke Plaintiffs have not complied with Colorado City's policy to obtain a new service culinary water connection.

18. Colorado City, in conjunction with the Utility Board and Twin City Water Works, has only established one new service culinary water connection since 2007, which was to Twin City Improvement Association.

19. Twin City Improvement Association complied with Colorado City's policy regarding a new service culinary water connection.

20. Colorado City has treated the Cooke Plaintiffs the same as every other resident regarding the opportunity and ability to obtain a new service culinary water connection.

## II. CONCLUSIONS OF LAW.

1. Federal Civil Procedure Rule 81(b) abolished writs of mandamus.

2. Pursuant to 28 U.S.C. § 1361, this Court may compel a United States official to perform some duty. However, this jurisdiction extends only to an officer, employee, or agency of the United States. It does not extend to state officers or agencies.

3. Pursuant to 28 U.S.C. § 1651, this Court may issue an extraordinary writ, including a writ of mandamus. However, this Court may not compel a state court, judicial officer, or other state official to perform any duty.

4. Pursuant to Federal Civil Procedure Rule 81(b), this Court cannot issue the writ of mandamus that the Cooke Plaintiffs request.

5. Pursuant to 28 U.S.C. §§ 1361 and 1651, this Court lacks jurisdiction to issue the requested writ of mandamus against Colorado City and/or its utility officials, both of which are state actors.

6. The Cooke Plaintiffs' request for a writ of mandamus is denied.

7. Count Ten of the Joint Second Amended Complaint is dismissed due to lack of subject matter jurisdiction.

Dated this 5th day of March 2013.

GRAIF BARRETT & MATURA, P.C.

By /s/ Jeffrey C. Matura
Jeffrey C. Matura
Asha Sebastian
1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
Attorneys for Defendant Town of Colorado City

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of March 2013, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic filing to the following CM/ECF registrants:

William G. Walker
William G. Walker, P.C.
177 North Church Ave., Suite 700
Tucson, Arizona 85701
Attorney for Plaintiffs and Defendants Ronald and Jinjer Cooke

Sandra R. Kane
David Weinzweig
Leslie A. Ross
Assistant Attorney General
1275 West Washington Street
Phoenix, Arizona 85007
Attorney for Plaintiff-Intervenor State of Arizona

Bill Richards
Bade Baskin & Richards
80 East Rio Salado Parkway, Suite 511
Tempe, Arizona 85281
Attorneys for Plaintiff-Intervenor State of Arizona

R. Blake Hamilton
Stirba, P.C.
215 South State Street, Suite 750
Salt Lake City, Utah 84110-0810
Attorneys for Defendants City of Hildale, Hildale-Colorado City Utilities, Twin City Water Authority and Twin City Power

/s/ Karen McElroy