WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Cooke and Jinjer Cooke, husband and wife, <br><br> Plaintiffs, <br><br> The State of Arizona *ex rel.* Thomas C. Horne, the Attorney General; and the Civil Rights Division of the Arizona Department of Law, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> Town of Colorado City, Arizona; City of Hildale, Utah, Hildale-Colorado City Utilities (Hildale-Colorado City Power, Water, Sewer and Gas Department and Twin City Water Authority); Twin City Power, <br><br> Defendants. | No. CV 10-08105-PCT-JAT <br><br> **ORDER** |

Pending before the Court is Defendants' Joint Motion to Seal Privileged Motion in Limine Exhibits (Doc. 347). The Court now rules on the Motion.

Defendants seek to seal documents lodged as exhibits to four motions in limine filed by Defendants; specifically, (1) exhibits 3-6 (currently lodged at Doc. 349) to Defendants' Motion to Preclude Exhibits to Robert Foster's Deposition (Doc. 343); (2)

1  exhibits A and B (currently lodged at Doc. 352) to the Hildale Defendants' Motion in
2  Limine to Exclude Evidence and Testimony regarding Certain Letters allegedly from
3  David Zitting (Doc. 350); (3) exhibit 1 (currently lodged at Doc. 353) to Defendant Town
4  of Colorado City's Motion in Limine No. 8 to Preclude Letters that Joseph Allred
5  allegedly Wrote (Doc. 351); and (4) exhibit A (currently lodged at Doc. 357) to the
6  Hildale Defendants' Motion in Limine to Exclude Evidence and Testimony regarding
7  Alleged Communications with Clergy (Doc. 356).

8  There is a strong presumption in favor of public access to documents. *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted). A party seeking to seal a judicial record must overcome the strong presumption by articulating compelling reasons supported by specific factual findings that outweigh the general history of access and public policies favoring disclosure. *Id.* at 1178-1179 (internal citations and quotations omitted). "In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotations and citations omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotations and citations omitted).

20 There is an exception to the presumption of access to judicial records for a sealed discovery document attached to a non-dispositive motion. *Id.* (internal citations omitted). To seal a document attached to a non-dispositive motion, the party seeking to seal must make a good cause showing under Federal Rule of Civil Procedure 26(c). *Id.* (internal citation omitted). However, even when a motion is not traditionally considered to be dispositive, if the motion could have a dispositive effect on the case, the compelling reasons standard should be applied. *See In re Midland Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119-1120 (9th Cir. 2012).

28 In this case, Defendants argue that they have shown good cause to seal the

documents attached to the motions in limine. Defendants argue that the documents that they seek to exclude are subject to the clergy/communicant (also referred to as the priest/penitent) privilege. Defendants assert that because they "believe the Letters to Clergy are privileged under this rule, good cause exists to allow them to be sealed" for the purposes of the motions in limine. (Doc. 347 at 3). Defendants further argue that, regardless of whether the privilege applies, these letters contain communications with a religious leader regarding the writer's innermost thoughts, feelings, and beliefs and this would cause annoyance and embarrassment to any individual and "particular annoyance and embarrassment would result for FLDS individuals due to the nature of the beliefs involved." (*Id.*).

Defendants assert that seven of the letters that they now seek to seal were previously attached to Plaintiffs' Motion for Summary Judgment. Defendants assert that, because these letters were previously attached to a Motion for Summary Judgment, they must meet the compelling reasons standard for sealing these letters. Defendants assert that they have met the compelling reasons standard because Plaintiffs "improperly" seek to use these letters to confuse the jury. (*Id.* at 4). Finally, Defendants argue that "[i]f the communications with clergy privilege could not apply to keep letters like these private, a chilling effect would occur for all communications with clergy." (*Id.* at 5).

In Response, Plaintiffs argue that a majority of the letters that Defendants now seek to seal have already been filed publicly in this case and have been filed in the public records of other Courts. (*See* Doc. 369 at 3 and Doc. 369-1 at Exhibit 2). Plaintiffs argue that, as a result, "Defendants' request to seal these letters, without any effort to seek a protective order and despite knowledge that many of them are already in the public domain is disingenuous." (Doc. 369 at 3). Plaintiffs further argue that the relevance of these letters far outweighs any prejudicial value they may have and, thus, the public should have access to them.

In this case, Defendants have failed to meet either the good cause or compelling reasons standard for sealing the documents attached to their motions in limine. First,

with regard to the exhibits that have been filed unsealed in any public record, including those that have been filed in this Court's Record since July 30, 2012, with no party seeking to seal them or otherwise obtaining a protective order for them, there is no reason to now seal those exhibits. In determining whether to seal a document, "the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." There can be no secrets in previously publicly disclosed records that no one has previously sought to protect. As a result, there can be no good cause or compelling reasons to keep such non-existent "secrets."

Moreover, Defendants have failed to show compelling reasons or good cause to seal any of the letters attached to their Motions in Limine. While the Court agrees that a clergy/communicant privilege would certainly constitute a compelling reason to seal documents in certain situations, Defendants have offered no explanation as to how they have standing to assert the clergy/communicant privilege on behalf of individuals who have not sought to protect this information. *See, e.g.*, Proposed Federal Rule of Evidence 506(c), 56 F.R.D. 183, 247 (1972) ("The privilege may be claimed by the person, by his guardian or conservator, or by his personal representative if he is deceased. The clergyman may claim the privilege on behalf of the person. His authority so to do is presumed in the absence of evidence to the contrary."). Defendants have not cited to any authority that would allow a communicant's employers to assert the clergy/communicant privilege on behalf of the communicant. Defendants have offered nothing from the individuals who wrote these letters suggesting that those individuals seek to enforce this privilege or that those individuals have sought or now seek to prevent these letters from public disclosure. Moreover, Defendants have offered no information indicating that, to the extent these individuals are aware that these letters are being used in litigation, such individuals have made any efforts to protect these letters from further disclosure. Likewise, Defendants have made no showing that the individuals who wrote these letters would suffer any annoyance or embarrassment from the disclosure of these letters. A mere generalized statement that any FLDS member would suffer such annoyance or

1  embarrassment is not sufficient to demonstrate good cause or compelling reasons to seal
2  and is mere hypothesis and conjecture.

3  Accordingly,

4  **IT IS ORDERED** that Defendants' Joint Motion to Seal Privileged Motion in
5  Limine Exhibits (Doc. 347) is denied.

6  **IT IS FURTHER ORDERED** that the Clerk of the Court shall strike:

7  (1) **exhibits 3-6 (currently lodged at Doc. 349)** to Defendants' Motion to
8  Preclude Exhibits to Robert Foster's Deposition;

9  (2) **exhibits A and B (currently lodged at Doc. 352)** to the Hildale Defendants'
10  Motion in Limine to Exclude Evidence and Testimony regarding Certain Letters
11  allegedly from David Zitting;

12  (3) **exhibit 1 (currently lodged at Doc. 353)** to Defendant Town of Colorado
13  City's Motion in Limine No. 8 to Preclude Letters that Joseph Allred allegedly Wrote;
14  and

15  (4) **exhibit A (currently lodged at Doc. 357)** to the Hildale Defendants' Motion
16  in Limine to Exclude Evidence and Testimony regarding Alleged Communications with
17  Clergy.

18  **IT IS FURTHER ORDERED** that, by 5:00 p.m. on Friday, June 21, 2013,
19  Defendants shall file (1) public copies of the exhibits they previously lodged in support of
20  their motions in limine; (2) a notice indicating that Defendants request the Court rule on
21  the relevant motions in limine without the sealed exhibits; or (3) a notice of withdrawal
22  of the relevant motions in limine.

23  Dated this 20th day of June, 2013.

*/s/ James A. Teilborg*
James A. Teilborg
Senior United States District Judge