WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Cooke and Jinjer Cooke, husband and wife, | No. CV-10-08105-PCT-JAT |
| Plaintiffs, | **ORDER** |
| The State of Arizona ex rel. Thomas C. Horne, the Attorney General; and the Civil Rights Division of the Arizona Department of Law, | |
| Plaintiff-Intervenor, | |
| v. | |
| Town of Colorado City, Arizona; City of Hildale, Utah; Hildale-Colorado City Utilities (Hildale-Colorado City Power, Water, Sewer and gas Department and Twin City Water Authority); Twin City Power, | |
| Defendants. | |

Pending before the Court is St. Paul Guardian Insurance Company's and the Travelers Indemnity Company's (collectively, "Travelers") Motion to Intervene pursuant to Federal Rule of Civil Procedure 24(a) or, alternatively, 24(b).  (Doc. 432).

I.  **BACKGROUND**

Travelers seeks to intervene as a matter of right or permissively for the purpose of

1  submitting special interrogatories and special verdict forms to the jury.

2  Travelers issued insurance policies to Defendant Town of Colorado City in February 2009, February 2010, and February 2011. On June 24, 2010, Plaintiffs Ronald and Jinjer Cooke (the "Cookes") filed a Complaint against the Town of Colorado City and the City of Hildale, Hildale-Colorado City Utilities, and Twin City Power (collectively, the "Hildale Defendants") alleging, among other things, violations of the federal and Arizona Fair Housing Acts. (Doc. 1). On December 20, 2010, after receiving notice of the Cookes' Complaint against the Town of Colorado City, Travelers sent a reservation of rights letter (the "ROR") to the Town of Colorado City. (Doc. 444-1). In the ROR, Travelers acknowledged that it received notice of the Cookes' Complaint on October 26, 2009. (*Id.* at 2).

In February 2013, the Court ruled on the Parties' cross-motions for summary judgment. (*See* Doc. 318). Thereafter, on June 25, 2013, the Court held a Final Pretrial Conference. (Doc. 433). At the Final Pretrial Conference, the Court ruled on motions in limine and set trial for January 28, 2014. (*Id.*). In its Order setting the Final Pretrial Conference, the Court set the deadline for submitting a joint list of jury instructions, verdict forms, and proposed voir dire as June 17, 2013. (Doc. 434). The Parties timely submitted their joint proposed jury instructions on June 17, 2013 (Doc. 415), their proposed verdict forms on June 17, 2013 (Doc. 414; Doc. 410), and joint proposed voir dire on June 17, 2013. (Doc. 416). Travelers filed its motion to intervene on June 24, 2013, the day before the Final Pretrial Conference. (Doc. 432). The Cookes, the State of Arizona (collectively, "Plaintiffs"), the Town of Colorado City, and the Hildale Defendants oppose Travelers' motion to intervene. (*See* Doc. 444; Doc. 446).

## II.  ANALYSIS

Travelers moves to intervene to be permitted to submit special interrogatories and/or special verdict forms to the jury that identify the basis for the jury's verdict. In its motion to intervene, Travelers claims that intervention will efficiently settle coverage issues if the jury returns a verdict for the Plaintiffs. (Doc. 432).

- 2 -

### A.     INTERVENTION AS OF RIGHT

Federal Rule of Civil Procedure 24(a) relevantly states:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  To be entitled to intervention as of right, the applicant must show that: (1) the application for intervention is timely; (2) the applicant has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties do not adequately represent the applicant's interest.  *League of United Latin Am. Citizens* (*LULAC*) *v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (citing *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996)).  Under Rule 24(a), the first factor, timeliness, is a threshold requirement.  *Id.* (citing *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990)).  As a result, if the Court finds that the applicant's motion to intervene is not timely, the Court "need not reach any of the remaining elements of Rule 24."  *Id.*  To determine whether a motion to intervene is timely, the Court must consider: "(1) the stage of the proceeding at which an applicant seeks intervention; (2) the prejudice to the other parties; and (3) the reason for and length of delay."  *Id.*

Travelers' motion to intervene is untimely.  On December 20, 2010, Travelers sent the ROR to the Town Manager of the Town of Colorado City.  Travelers argues there was no reason for it to intervene at the time it received notice of the Cookes' Complaint because the only purpose for its intervention is to submit special interrogatories to the jury.  This purpose is undermined by the legitimate arguments of the Parties that, if Travelers had intervened sooner, the Parties would have sought discovery related to the three insurance policies at issue and the coverage issues.  Moreover, even if the Court accepted Travelers' argument that it did not need to move to intervene until a trial was

certain, Travelers has offered no explanation for its delay in moving to intervene between the time summary judgment was denied in February 2013 and the date its motion to intervene was filed in June 2013. Indeed, Travelers has offered no explanation for moving to intervene on the eve of the Final Pretrial Conference. The Final Pretrial Conference is the last time prior to trial that the Court meets with the Parties and is the time to entertain issues for trial. Travelers has been aware of this case since 2010 and should have, at the very least, immediately moved to intervene when the motions for summary judgment were denied.

Moreover, the Parties have jointly prepared voir dire and jury instructions and have submitted their proposed verdict forms. It would be prejudicial to the Parties, who have worked diligently to meet this Court's deadlines, to require them to start over simply because of Travelers' untimely intervention. As a result, the second factor, prejudice, weighs against Travelers because intervention prejudices the other Parties. In addition, Travelers is not prejudiced by a denial of the motion to intervene because Travelers will still have an opportunity to protect its interest in a declaratory judgment action.[1]

Finally, the third factor weighs against Travelers because Travelers has not offered a satisfactory reason for the length of its delay. Travelers knew of its interests well before it filed the motion to intervene, and yet waited until the Court had resolved many substantive pretrial issues. Accordingly, Travelers' motion to intervene is untimely.

Moreover, Travelers does not have a "significantly protectable" interest in the action. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004) (denying a creditor's motion for intervention in an action involving violations of the Safe Drinking Water Act because the creditor's prospective interest in collecting a secured

---

[1] Travelers' collateral estoppel argument is unpersuasive because Arizona law permits an insurer to litigate coverage issues based on policy preclusions after a court has resolved the insured's liability. *Arizona Prop. Cas. Ins. Guar. Fund v. Martin*, 113 P.3d 701, 703–05 (Ariz. Ct. App. 2005). Travelers will only be prohibited from relitigating liability issues. *Id.*

debt was too far removed from the underlying claims of health and environmental policies); *see also Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 874 (2nd Cir. 1984) (finding that the applicant for intervention as of right must have a direct interest in the case). This case involves federal and Arizona Fair Housing Act claims, while Travelers' interest exclusively involves an insurance coverage dispute. Although Travelers' insurance policy may cover some of the claims against the Town of Colorado City, Travelers' asserted interest depends upon two contingencies: (1) a jury verdict against the Town of Colorado City and (2) a finding that Travelers' policy precludes coverage of the losses based on the underlying claims. As a result, Travelers' interest is sufficiently removed from the underlying claims between Plaintiffs, the Town of Colorado City, and the Hildale Defendants such that Travelers does not have a "significantly protectable" interest in this case. Based on Travelers' failure to demonstrate that Travelers fulfills factors one and two of the threshold requirements for intervention as of right, Travelers' motion to intervene under Rule 24(a) is denied.

## B.   PERMISSIVE INTERVENTION

Federal Rule of Civil Procedure 24(b) relevantly states, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). An applicant seeking permissive intervention must show that: (1) the applicant's claim or defense shares a common question of law or fact with the main action; (2) the applicant's motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *LULAC*, 131 F.3d at 1308 (citing *Nw. Forest Res.*, 82 F.3d at 839). As in the intervention as of right analysis, timeliness is a threshold requirement. *Id.* To determine whether a motion to intervene is timely, the Court considers the same three factors: (1) the stage of the proceeding at which an applicant seeks intervention; (2) the prejudice to the other parties; and (3) the reason for and length of delay. *Id.* Although the factors are the same, the Court analyzes the timeliness requirement more strictly than under intervention as of right. *Id.* Accordingly, because Travelers' motion to intervene is not

1  timely for the purpose of intervention as of right, it is also not timely when considered for
2  permissive intervention.  Because Travelers does not satisfy the threshold requirements
3  for allowance of permissive intervention, Travelers' motion to intervene under Rule 24(b)
4  is denied.

### III.   CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Travelers' Motion to Intervene (Doc. 432) is denied.

Dated this 19th day of September, 2013.

James A. Teilborg
Senior United States District Judge