**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Cooke, et al., | No. CV-10-08105-PCT-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Town of Colorado City, et al., | |
| Defendants. | |

Pending before the Court is the State of Arizona's Motion for Attorneys' Fees and Memorandum of Points and Authorities in Support of Award of Attorneys' Fees and Related Non-Taxable Expenses (Doc. 708). The Court now rules on the motion.

**I.     Background**

The Court entered judgment in this case in favor of the State of Arizona (the "State") and against Defendants on two claims for violations of the Arizona Fair Housing Act ("AFHA"). (Doc. 704). After the State filed its motion for attorneys' fees, the Court entered an amended judgment in favor of the State and against Defendants on three claims for violations of the Arizona Fair Housing Act, specifically violations of A.R.S. § 41-1491.14(B), § 41-1491.18, and § 41-1491.35(A)(1). (Doc. 723).

**II.    Entitlement to Fees**

Defendants argue that none of the statutes under which the State received judgment in its favor authorize an award of attorneys' fees. (Doc. 716 at 2-3). The State received judgment under A.R.S. § 41-1491.18, in addition to § 41-1491.14(B) and § 41-

1491.35(A)(1).[1] (Doc. 723). At the time that Defendants filed their response to the State's motion for fees, the Court had not yet amended its judgment to add judgment in favor of the State pursuant to § 41-1491.35(A)(1). This statute authorizes the Court to "[a]ward other appropriate relief, including . . . reasonable attorney fees and court costs." § 41-1491.35(B)(2). In light of this provision, the Court need not determine whether § 41-1491.14(B) and § 41-1491.18 authorize an award of attorneys' fees. The State is entitled to its fees under § 41-1491.35(B)(2).

Moreover, although Defendant argues that any award of fees should be limited to litigating the pattern-or-practice claim (§ 41-1491.35(A)(1)) and not include either of the other two claims, the law does not support this distinction. As the Court concluded, the pattern-or-practice claim requires a predicate violation of legal rights protected elsewhere in the AFHA. (Doc. 722 at 10). Therefore, the factual bases for the other two claims were necessary for the State to succeed on its pattern-or-practice claim, and it would be inappropriate to exclude from a fee award the time spent establishing this factual basis.

Finally, Defendants object to the State's citation of A.R.S. § 12-348.01 as a basis for its entitlement to fees. (Doc. 716 at 4). Because the State is entitled to fees under § 41-1491.35, the Court need not address Defendants' argument. The State is entitled to an award of attorneys' fees.

**III.     Reasonableness of the Requested Fees**

The AFHA permits the Court to award "reasonable attorney fees." A.R.S. § 41-1491.35(B)(2). "Once a party establishes its entitlement to fees and meets the minimum requirements in its application and affidavit for fees, the burden shifts to the party opposing the fee award to demonstrate the impropriety or unreasonableness of the requested fees." *Nolan v. Starlight Pines Homeowners Ass'n*, 167 P.3d 1277, 1285-86 ¶ 38 (Ariz. Ct. App. 2007). Defendants raise several objections to the reasonableness of the State's requested fees.

---

[1] Defendants misstate the Court's judgment (and amended judgment) when they say that the State received judgment under A.R.S. § 41-1491.19. *See* (Doc. 716 at 2).

**A.    Hearsay**

Defendants argue that the State is not entitled to fees incurred by Brad Keogh, Leslie Ross, and Charlotte Haught because none of these individuals submitted an affidavit describing the work they completed on this case. (Doc. 716 at 4-5). Thus, Defendants contend, their billing entries are inadmissible hearsay and cannot serve as the basis for an award of fees. (*Id.* at 5).

Under Arizona law, a request for an award of attorneys' fees need not comply with the rules of evidence. *See Hohokam Res. v. Maricopa Cnty.*, 821 P.2d 257, 266 (Ariz. Ct. App. 1991) (rejecting hearsay challenge to an affidavit supporting a fee request). Nor does Local Rule of Civil Procedure ("Local Rule") 54.2, which governs the State's fee request, require that every attorney who performed work on a case submit a fee affidavit; instead, moving counsel need only to submit an affidavit or declaration that attests to all of the work performed. *See R. Prasad Indus. v. Flat Irons Envtl. Solutions Corp.*, 2014 WL 4722487, at *15 & n.27 (D. Ariz. Sept. 23, 2014) (rejecting challenge to moving counsel's affidavit that attested to the accuracy of billing entries by other counsel).

Defendants err in relying upon *Muniz v. United Parcel Service, Inc.*, 738 F.3d 214 (9th Cir. 2013) to argue to the contrary. (Doc. 716 at 5). *Muniz* correctly holds that "[i]f state substantive law governs a case, then an award of attorney fees is also governed by state law." 738 F.3d at 218. But *Muniz* applied California law, which requires declarations supporting requests for fees to be based upon personal knowledge. *Id.* at 222. Because Arizona has no such requirement, *see Hohokam*, 821 P.3d at 266, the State was not required to submit affidavits from Keogh, Ross, and Haught.

**B.    Fees Relating to Unsuccessful Claims**

Defendants contend that the State is not entitled to an award of fees for those fees incurred in working on ultimately-unsuccessful claims. (Doc. 716 at 8). The State originally alleged five claims against Defendants: (1) discrimination due to disability (A.R.S. § 41-1491.19); (2) discrimination in the provision of utilities (A.R.S. § 41-1491.14(B)); (3) discrimination in the sale or rental of housing (A.R.S. § 41-1491.14(A));

(4) interference with AFHA rights (A.R.S. § 41-1491.18); and (5) a pattern or practice of discrimination (A.R.S. § 41-1491.35). (Doc. 169). The Court dismissed two of these claims at summary judgment, (Doc. 318), and the State won on the remaining three claims at trial.

### 1. Legal Standard

Because the AFHA mirrors the federal Fair Housing Act ("FHA"), cases interpreting the latter are persuasive as to the interpretation of the former. *See Canady v. Prescott Canyon Estates Homeowners Ass'n*, 60 P.3d 231, 233 ¶ 9 n.3 (Ariz. Ct. App. 2002). In assessing the reasonableness of a fee award under the FHA, federal courts apply the reasonableness standard from civil rights litigation under 42 U.S.C. § 1988. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602-03 & n.4 (2001); *Cabrera v. Jakabovitz*, 24 F.3d 372, 393 (2d Cir. 1994).

In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court established guidelines for determining whether a requested fee award in civil rights litigation is reasonable. There, the court held that when a plaintiff presents in a single lawsuit "distinctly different claims for relief that are based on different facts and legal theories, . . . counsel's work on one claim will be unrelated to his work on another claim." 461 U.S. at 434-35. Accordingly, fees cannot be awarded for services performed on the unsuccessful claims. *Id.* at 435.

However, when a plaintiff's claims for relief "involve a common core of facts or [are] based on related legal theories[,] [m]uch of counsel's time [is] devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Id.* "Such a lawsuit cannot be viewed as a series of discrete claims," and the court must focus on the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* The Supreme Court emphasized that "[t]he result is what matters," and obtaining excellent results should result in "a fully compensatory fee," even if the plaintiff fails "to prevail on every contention raised in the lawsuit." *Id.*

### 2. Unsuccessful Claims

In the present case, the State's claims were factually related and all aimed at achieving the same ultimate relief: a jury verdict for the Cookes, a finding that Defendants were engaged in discriminatory practices, civil penalties, and an injunction. Had the case proceeded to trial on the claims for discrimination due to disability or discrimination in the sale or rental of a dwelling, the relief available to the State would have remained unchanged. This case concerned proving discrimination by Defendants against the Cookes and others, and on this point the State was completely successful.

The fact that the State was unsuccessful on some claims does not justify reducing a fee award because the State was ultimately successful in its relief sought. To the extent that the Court declined to grant the full scope of injunctive relief requested by the State, the Court's choice of remedy was not related to which of the claims were successful. Rather, the entry of judgment in favor of the State shows that the State was successful in proving systemic discrimination.

Thus, the Court declines to reduce any fee award by the percentage of unsuccessful claims.[2]

### 3. Post-Trial Relief

Defendants assert that the State is not entitled to fees incurred in preparing its proposed judgment or the motion to reopen the evidentiary record because the State was unsuccessful in these efforts. (Doc. 716 at 10). The State argues that it is entitled to fees because it received effective injunctive relief and informing the Court of a witness's perjury (the motion to reopen) was necessary to the granting of effective injunctive relief. (Doc. 720 at 6). Defendants identify $102,763.00 in billed time as relating to the proposed injunction and motion to reopen the evidentiary record. (Doc. 716-3). Although the Court ordered the State to submit and brief a proposed form of judgment, the State invested an unreasonably large number of hours in drafting a seventy-page judgment

---

[2] The Court notes that the Supreme Court has expressly rejected Defendants' mathematical approach of reducing fees by the percentage of unsuccessful claims. *Hensley*, 461 U.S. at 435 n.11.

1 containing detailed factual findings and seeking extremely broad injunctive relief. The
2 Court should not need to explain to the State that a judgment should not contain factual
3 findings or conclusions of law. By way of example, the Court's judgment in this case is a
4 mere two pages in length, and includes monetary awards as well as specific injunctive
5 relief.

6 The Court will not adopt Defendants' theory that the State is entitled to no fees for
7 preparing the judgment because clearly the State is entitled to something for its efforts.
8 But the Court, after reviewing each of the billing entries involved, cannot discern a
9 principled approach for reducing the entries. It is not clear as to which of the numerous
10 entries should be reduced, and by what amount, but it is equally clear that considered as a
11 whole, the amount of time spent on this matter was unreasonably large. In *Fox v. Vice*,
12 131 S. Ct. 2205 (2011), the Supreme Court stated:

> But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

17 131 S. Ct. at 2216. Consistent with *Fox*, the Court will apply a 90% reduction in the
18 requested amount. This reduction also considers the State's unsuccessful motion to
19 reopen the evidentiary record, which Defendants included in their identified $102,763 of
20 billing entries. The Court reduces these billing entries accordingly.

21 **C.     Internal Conferences**

22 Defendants argue that any fee award should be reduced by $607,783.50 for time
23 spent in internal conferences. (Doc. 716 at 11). Defendants contend that time spent in
24 internal conferences is "excessive and evidence of redundant conferences and e-mails."
25 However, they do not cite any cases for the proposition that time spent in an internal
26 conference is inherently unreasonable, and their two supporting cases are unhelpful. In
27 *United States v. Nosal*, 2014 WL 2109948 (N.D. Cal. May 20, 2014), the court held that
28 billing by multiple attorneys for participating in the same conference was not

recoverable. 2014 WL 2109948, at *7. In *Crane v. Native American Air Ambulance, Inc.*, 2008 WL 2001281 (D. Ariz. May 7, 2008), the court found "redundant and excessive hours in intra-office conferences." 2008 WL 2001281, at *4.

Here, Defendants do not identify any hours as being redundant or excessive. Rather, Defendants have compiled a list of every time entry involving an internal conference or e-mail, and from this list boldly assert that the entire amount of time incurred on these subjects is excessive. Because Defendants fail to identify any particular time entry as unreasonable and the State is entitled to an award for time reasonably incurred in conferences, the Court will award the State fees for time spent in internal conferences and e-mails.

### D.    Brad Keogh

Defendants next object to the time entries of Brad Keogh, the State's lawyer who attended trial but according to Defendants, sat in the back of the courtroom and read a book or slept during each trial day. (Doc. 716 at 12). The State argues that Keogh's presence was necessary at trial to assist in strategy and to make recommendations to the attorneys who participated in the trial. (Doc. 720 at 8). The State was ably represented by two attorneys at trial, plus a third attorney in the form of Mr. Walker, the Cookes' attorney. The Cookes and the State had largely aligned interests during the trial, and the Court finds no basis for awarding fees for a fourth attorney representing the State's interests. The Court will disallow Keogh's fees for attending trial.

### E.    Block Billing

Defendants identify time entries totaling $148,473.50 that they claim include improper block billing. (*Id.*) Block billing, the practice of including unrelated tasks in a single time entry, makes it difficult for a reviewing court to assess the reasonableness of the time spent on each task. "Where the Court cannot distinguish between the time claimed for the various tasks, the Court will reduce the award accordingly." *Moshir v. Automobili Lamborghini Am. LLC*, 927 F. Supp. 2d 789, 799 (D. Ariz. 2013). However, "[b]lock-billing is not inappropriate *per se* when the party seeking fees meets the basic

1 requirements of 'listing his hours and identifying the general subject matter of his time
2 expenditures.'" *Id.* (quoting *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir.
3 2000)); *see also Hensley*, 461 U.S. at 433 (stating that although the fee applicant bears
4 the burden of submitting "evidence supporting the hours worked and rates claimed," an
5 applicant is "not required to record in great detail how each minute of his time was
6 expended"). In *Pure Wafer, Inc. v. City of Prescott*, 2014 WL 3797850 (D. Ariz. July 29,
7 2014), the Court rejected a block billing objection because the billing entries at issue
8 were for tasks closely related to each other, such as both fact checking and cite checking
9 the same motion. 2014 WL 3797850, at *5.

The Court has reviewed the entries identified by Defendants as block billed and where the Court is unable to distinguish between the time claimed for various tasks, has reduced the total fees for those entries by 20%. The Ninth Circuit Court of Appeals has previously approved 20% as an appropriate reduction to hours block billed. *See Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

### F. Mock Trial

Defendants object to fees that the State incurred in presenting its case to a focus group and mock trial. (Doc. 716 at 14). The State asserts that these fees should be allowed because the time expended on the focus group and mock trial "provided valuable insight into how the case would be viewed by a jury and how the case should be presented." (Doc. 720 at 9). Although the State may have reasonably believed that a focus group and mock trial were necessary to adequately prepare for trial, that does not entitle the State to recover these costs through a fee-shifting statute. The State is entitled to recover its fees for preparing for only one trial—the real trial. The Court will disallow the State's fees for the focus group and mock trial.

### G. Clerical Tasks

Defendants claim that the State improperly requests fees for time incurred in clerical tasks. (Doc. 716 at 14). Purely clerical or secretarial tasks should not be billed at a paralegal or lawyer's rate. *See Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1543 (9th

Cir. 1992), *vacated in part on other grounds by* 984 F.2d 345 (9th Cir. 1993). The Court has reviewed the billing entries identified as clerical by Defendants, and finds some of them to be clerical and others to be necessary legal work. But because the State reduced its fee application by 10% to account for any clerical items, the Court declines to further reduce this amount. *See id.* at 1543 (approving the moving party's 5% reduction in fee award to compensate for any clerical time included in the fee request).

### H. Duplicative Time

Defendants challenge certain billing entries as duplicative because attorneys attended hearings without participating or multiple attorneys worked on the same issues. (Doc. 716 at 15). The Court is unpersuaded that these entries are unreasonably duplicative, with the exception of the clearly duplicative entries conceded by the State, (Doc. 720 at 10). The Court cannot state that it was unreasonable for the State to have several attorneys working on similar matters in the course of this highly complex civil rights litigation. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (some duplication is necessary in an ongoing case). The Court exercises its discretion and declines to reduce the award by these entries.[3]

### I. Unrelated Issues

Defendants contend that some of the State's billing entries are for tasks unrelated to this case and should not be the basis for a fee award. (Doc. 716 at 15). The Court has reviewed these entries and determines that most of them are clearly related to this case. For example, the entry for a telephone call "to Gary Engles concerning FLDS records from Texas" is related to the present case because records from Texas were discussed at trial. On the other hand, it is unclear whether the entry for reviewing and considering an "article about control of the FLDS Church" is related. Such review could be necessary to develop additional facts or witnesses for this case, and in the absence of Defendants

---

[3] To the extent Defendants claim that certain tasks should not be recoverable because witnesses were never actually called at trial, and the like, this argument fails. The fact that counsel makes the strategic decision to not call a witness or to not file a motion does not mean that it was unreasonable to invest preparatory time. *See Pure Wafer, Inc. v. City of Prescott*, 2014 WL 3797850, at *10-11 (D. Ariz. July 29, 2014).

- 9 -

1 having a more specific objection than simply "Not related to claims," the Court cannot
2 conclude that this is unrelated to this case. Therefore, the Court will permit these entries.

### J.     Fees to Prepare the Fee Application

Defendants object to the State's request for fees incurred in preparing its motion for fees. Local Rule of Civil Procedure ("Local Rule") 54.2(c)(2) requires a party requesting fees for preparing a motion for an award of fees to "cite the applicable legal authority supporting such specific request." The State cites in its reply to *Pure Wafer*, in which the Court granted such fees in a 42 U.S.C. § 1988 civil rights action. The Court will permit an award for fees incurred in the preparation of the State's motion for fees.

### K.     Non-Taxable Expenses

Defendants contend that the State is not entitled to an award of non-taxable expenses because the Court permitted the State to only recover its taxable expenses. (Doc. 716 at 16). Defendants misinterpret the Court's ruling. The Court stated that the State was entitled to an award of its taxable costs and the State could file a notice of taxable costs in accordance with Local Rule 54.1. (Doc. 703 at 8). Rule 54.1 permits taxable costs to be taxed by the Clerk of the Court, while Rule 54.2 requires a party seeking non-taxable costs to file a motion with the Court. Thus, it was procedurally appropriate for the State to request non-taxable costs in its motion for an award of attorneys' fees.

Defendants correctly point out that non-taxable costs are recoverable only if permitted by statute, and the phrase "reasonable attorney fees" does not include non-taxable costs. *See Ahwatukee Custom Estates Mgmt. Ass'n v. Bach*, 973 P.2d 106, 107-08 ¶¶ 6-7 (Ariz. 1999). But Defendants err in importing case law interpreting other statutes to support their contention that § 41-1491.35 similarly prohibits the recovery of non-taxable costs. (Doc. 716 at 16-17). A.R.S. § 41-1491.35 permits the Court to award "other appropriate relief, including monetary damages, reasonable attorney fees and court costs." A.R.S. § 41-1491.35(B)(2). Accordingly, the Court has discretion to award non-taxable costs to the State. The Court will award such costs so that the public may be

- 10 -

1  reimbursed for the costs of pursuing successful civil rights litigation.

2  **IV.    Conclusion**

3      The Court has itemized its reductions to the State's fee award in the spreadsheet
4  attached as an appendix to this Order.

5      For the foregoing reasons,

6      **IT IS ORDERED** that the State of Arizona's Motion for Attorneys' Fees and
7  Memorandum of Points and Authorities in Support of Award of Attorneys' Fees and
8  Related Non-Taxable Expenses (Doc. 708) is granted in part and denied in part.

9      **IT IS FURTHER ORDERED** awarding the State of Arizona $2,182,337.00 in
10  attorneys' fees and costs.

11      Dated this 21st day of April, 2015.

*James A. Teilborg*
Senior United States District Judge

- 11 -