WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Cooke, et al., | No. CV-10-08105-PCT-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Town of Colorado City, et al., | |
| Defendants. | |

Pending before the Court is Movant United Effort Plan Trust ("UEP")'s Renewed Motion for Order to Show Cause, (Doc. 749), in which UEP argues that the Court need not abstain from holding an evidentiary hearing to determine whether Colorado City has "continu[ed] religious discrimination in violation" of the injunction issued on November 26, 2014. (Doc. 723). UEP's renewed filing follows the Court's February 16, 2016, denial of UEP's motion without prejudice in light of questions over whether abstention doctrines applied. (*Id.* at 8-9). Having considered the parties' filings, the Court now rules on the motion.

**I.**

As the Court did in its February 16, 2016, Order, the recitation of facts is restricted to those pertinent to UEP's pending motion. Interested parties will find a full recounting of the matter's factual background in the Court's February 13, 2013, and September 4, 2015, Orders. (*See* Doc. 318 at 2-10, Doc. 703).

Following a jury trial in which Plaintiffs Ron and Jinjer Cooke (collectively, the "Cookes") and Plaintiff-Intervenor the State of Arizona (the "State") prevailed over Defendants,[1] the Court entered the Amended Judgment and Permanent Injunction (hereafter the "injunction"). (Doc. 724 at 1). The injunction, in part, enjoined the following:

> During the ten-year period beginning from the date of this Judgment, Defendants and their agents shall not (1) discriminate because of religion against any person in the terms, conditions, or privileges of the provision of services or facilities in connection with the sale or rental of a dwelling; or (2) coerce, intimidate, threaten, interfere with, or retaliate against any person in the enjoyment of his or her dwelling because of religion or because that person has asserted rights, or encouraged others to assert their rights, protected by the federal Fair Housing Act or the Arizona Fair Housing Act.

(Doc. 724 at 2). The injunction shall "remain in place for ten years from the date of th[e] Judgment," and the Court "retain[ed] jurisdiction to enforce it." (*Id.* at 2-3).

On December 14, 2015, UEP, "on behalf of itself and its beneficiaries who possess occupancy agreements to reside on UEP property," moved this Court to find Colorado City in contempt of the aforementioned injunction "for continuing religious discrimination." (Doc. 738 at 1). UEP sought a "limited period of discovery," and an evidentiary hearing to establish that: (1) Colorado City passed a 2007 Land Division Ordinance (hereafter the "Subdivision Ordinance") with the "express intent" of discriminating against individuals who do not belong to the Fundamentalist Church of Jesus Christ of Latter Day Saints (FLDS); (2) the passage and application of the Subdivision Ordinance resulted in religious discrimination against UEP and its beneficiaries; and (3) Colorado City "has engaged in disparate treatment in applying the Subdivision Ordinance to residents of the city" on the basis of their affiliation with the FLDS. (*Id.* at 7-8).

---

[1] Colorado City is a named defendant in this matter. The pending motion addresses only Colorado City's actions. The Court need not set forth the other named defendants.

The Court denied UEP's motion, without prejudice, on February 16, 2016. (Doc. 748). The Court was unable to determine, based on the record before it, whether any of a number of abstention doctrines precluded this Court from hearing UEP's claim, on account of ongoing litigation in both state and federal court. (*Id.* at 8-9). On May 5, 2016, UEP renewed its motion, arguing that the *Younger*, *Pullman*, *Burford*, and *Colorado River*[2] abstention doctrines did not apply, and that this Court was "clearly in the best position to determine the limited issues presented here." (Doc. 749 at 3-10). Colorado City raised several arguments in opposition. (Doc. 750).

## II.

A district court has the inherent power to stay proceedings before it. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). The power to stay proceedings "is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva*, 593 F.2d at 863 (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180 (1952)). Staying an action "may be appropriate to avoid duplicative litigation and inconsistent results, even when the stay requires one litigant to stand aside while a litigant in another case settles the rule of law that will define the rights of both." *Williams v. Godinez*, 2016 U.S. Dist. LEXIS 23115, at *2 (D. Nev. Feb. 25, 2016) (citing

---

[2] Although the *Colorado River* doctrine is at times referred to as an abstention doctrine, the Supreme Court has rejected this characterization. *See Nakash v. Marciano*, 882 F.2d 121, 1415 n.5 (9th Cir. 1989).

*Landis*, 299 U.S. at 254).

In light of ongoing litigation before Judge Holland in *United States v. Town of Colorado City et al*, No. 3:12-CV-08123-HRH, the Court finds that a temporary stay in this action is appropriate. On April 29, 2016, in the case before Judge Holland, the United States filed a post-trial brief seeking, among other injunctive relief, an order that would require Colorado City to approve the United Effort Plan ("UEP") Trust's subdivision proposal." (Doc. 750-1 at 11). In support of its proposed injunctive relief, the United States alleged that "Colorado City continues to oppose subdivision," and that their "continued rejection of the UEP's subdivision proposal comes despite the significant expenditures the UEP made to comply with what can only be described as an onerous and ill-suited subdivision ordinance, the Land Division Ordinance, which Colorado City adopted *following* the UEP's submission of its subdivision application." (*Id.* at 25 (emphasis in original)).

Although the United States seeks more robust injunctive relief in its case, on the issue of Colorado City's utilization of the Subdivision Ordinance and UEP's efforts to propose and enact a subdivision ordinance, there is complete overlap between the two actions. A favorable ruling for the United States in No. 3:12-CV-08123-HRH on this issue will moot UEP's action. Colorado City would be ordered to abandon its Subdivision Ordinance—the tool which it has allegedly used to discriminate against citizens—and would be required to adopt *UEP*'s proposed subdivision ordinance. The Court, were it justified, could not fashion a more favorable remedy for UEP in the instant action.

Furthermore, the litigation in No. 3:12-CV-08123-HRH is at a significantly advanced stage. A jury verdict was delivered on March 7, 2016. On April 29, 2016, the United States submitted its proposed injunctive relief. An evidentiary hearing, expected to last between three and four days, is set for October 24, 2016. After that, Judge Holland will deliver his findings of fact and conclusions of law. Staying the instant action will impose a minimal burden on the parties, will be relatively short in length, and may resolve the issue without any further expenditure of time and resources by the parties.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citation omitted) (noting that in evaluating whether a stay is appropriate, courts should consider (1) the possible damage which may result, (2) the hardship imposed on the parties, and (3) whether the stay will complicate or simplify the matter before the court). And a stay will not cause "even a fair possibility" of harm." *Id.* (internal quotation marks omitted).

To conclude, the Court finds that a stay will promote efficiency, avoid duplicative litigation, promote "the interest of wise judicial administration," *Silvaco Data Sys., Inc. v. Tech. Modeling Assocs., Inc.*, 896 F. Supp. 973, 975 (N.D. Cal. 1995), and is the "fairest course for the parties" before the Court. *Leyva*, 593 F.2d at 863. Accordingly, the Court will stay consideration of UEP's Renewed Motion for Order to Show Cause, (Doc. 749), pending the issuance of findings of fact and conclusions of law by Judge Holland in *United States v. Town of Colorado City et al*, No. 3:12-CV-08123-HRH.

### III.

Based on the forgoing,

**IT IS ORERED** that UEP's Renewed Motion for Order to Show Cause, (Doc. 749), is **STAYED** pending the issuance of Findings of Fact and Conclusions of Law by Judge Holland in *United States v. Town of Colorado City et al*, No. 3:12-CV-08123-HRH.

**IT IS FURTHER ORDERED** that the parties shall file a status report with the Court within ten (10) days after the above-mentioned issuance.

Dated this 5th day of August, 2016.

James A. Teilborg
Senior United States District Judge